FILED
IN CLERKS OFFICE

**IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED**

2025 MAR 27  AM 12: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

PLAINTIFF:


My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]


vs.


DEFENDANTS:


WAREHAM DISTRICT COURT,

Edward H. Sharkansky, in his official capacity as Judge of the Wareham District Court and in his personal capacity

Daryl G. Manchester, in his official capacity as Clerk of the Wareham District Court and in his personal capacity

Sabine M. Coyne, in her official capacity as Judge of the Wareham District Court and in her personal capacity

Kristine A. Stone, in her official capacity as Judge of the Wareham District Court and in her personal capacity


CASE NO.: _____

(To be assigned by the Clerk upon filing)

## PETITION FOR REDRESS OF GRIEVANCES, WRIT OF INJUNCTION & PROHIBITION, MEMORANDUM OF LAW, AND ACCOMPANYING MOTIONS & NOTICES

Filed this _24_ day of _March_, 2025

Respectfully Submitted,

My-Name-Is-Private

Living Man, In This Court of Record

**IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED**

FILED
IN CLERKS OFFICE

2025 MAR 27  AM 12: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]


Plaintiff,

vs.


WAREHAM DISTRICT COURT,

Edward H. Sharkansky, in his official capacity as Judge of the Wareham District Court and in his personal capacity,

Daryl G. Manchester, in his official capacity as Clerk of the Wareham District Court and in his personal capacity,

Sabine M. Coyne, in her official capacity as Judge of the Wareham District Court and in her personal capacity,

Kristine A. Stone, in her official capacity as Judge of the Wareham District Court and in her personal capacity,


Defendants.


CASE NO.: _____

## JUDICIAL NOTICE OF MINISTERIAL DUTY

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, complain of the following unlawful actions committed by the Defendants, and issue this Judicial Notice of Ministerial Duty to all named Defendants, who are ministerial officers acting under oath and bound by constitutional and Common Law principles.

### I. NOTICE OF NON-DISCRETIONARY DUTY

1. Ministerial officers are public servants whose duties are purely administrative and non-discretionary in nature. They must act in strict accordance with the law without personal interpretation or discretion.

2. Government officers who act beyond their ministerial duty are personally liable for all unlawful acts *(Scheuer v. Rhodes, 416 U.S. 232 (1974)).*

3. No public officer may act outside of lawful jurisdiction, enforce void judgments, or violate fundamental rights under the color of law. *(Ex parte Young, 209 U.S. 123 (1908)).*

4. Defendants have failed in their ministerial duty to prove jurisdiction, thereby rendering all actions null and void ab initio *(Pennoyer v. Neff, 95 U.S. 714 (1878)).*

### II. NOTICE OF JURISDICTIONAL DEFAULT

5. Defendants were duly noticed of their obligation to prove jurisdiction over the Plaintiff.

6. The Wareham District Court has failed to provide verified proof of jurisdiction, and no lawful rebuttal has been entered on the record.

7. Jurisdiction must be proven, not assumed. Any judgment or order made without jurisdiction is void and unenforceable *(Windsor v. McVeigh, 93 U.S. 274 (1876)).*

8. Under Common Law, an unrebutted affidavit stands as truth *(Hagans v. Lavine, 415 U.S. 528 (1974)).* The Defendants' failure to respond constitutes an admission of default.

## III. NOTICE OF CONSTITUTIONAL VIOLATIONS

### 9. Fifth Amendment Violation – Lack of Grand Jury Indictment

• Wareham District Court has proceeded without a lawful grand jury indictment in violation of due process *(Hurtado v. California, 110 U.S. 516 (1884))*.

### 10. Seventh Amendment Violation – Denial of Trial by Jury in a Court of Record

• Wareham District Court is operating as an administrative tribunal, denying Plaintiff his right to trial by jury under Common Law *(Ex parte Milligan, 71 U.S. 2 (1866))*.

### 11. Fourteenth Amendment Violation – Due Process and Equal Protection

• The Defendants are enforcing statutory penalties that have no lawful historical precedent from 1791, violating constitutional protections under *District of Columbia v. Heller, 554 U.S. 570 (2008) and New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387.*

• In Heller, the Supreme Court established that all constitutional rights must be interpreted according to their original historical meaning, confirming that modern statutory impositions cannot override established rights.

• Bruen reaffirmed Heller by holding that no governmental restriction may be upheld unless a direct historical precedent from 1791 supports its enforcement.

• The Defendants have failed to provide any historical evidence from 1791 to justify their statutory penalties, rendering them unconstitutional and void ab initio.

### 12. Fraudulent Conversion of Rights into Privileges

• Defendants lack lawful authority to impose statutory obligations without voluntary agreement, rendering their actions fraudulent and unconstitutional *(Murdock v. Pennsylvania, 319 U.S. 105 (1943))*.

## IV. FORMAL DEMAND FOR COMPLIANCE

13. Plaintiff hereby issues Formal Notice of Demand for Defendants to:

• Immediately cease and desist from all further actions against Plaintiff;

• Correct the record to reflect jurisdictional default;

• Recognize Plaintiff's standing under Common Law and withdraw all statutory mandates;

• Comply with ministerial duties and acknowledge their lack of discretion.

## V. NOTICE OF PERSONAL LIABILITY

14. Defendants are hereby placed on notice that any continued action against Plaintiff:

• Will constitute willful trespass, fraud, and obstruction of justice;

• Shall make each named Defendant personally liable for all damages incurred;

• Shall trigger further lawful actions under Common Law against all liable parties.

15. No judicial immunity applies when jurisdiction is lacking *(Owen v. City of Independence, 445 U.S. 622 (1980)).*

## VI. CONCLUSION

For the reasons stated, Defendants must immediately comply with this Judicial Notice of Ministerial Duty and acknowledge:

1. Their actions are outside lawful jurisdiction and thus void ab initio;

2. They have no discretion to override Common Law rights;

3. Any further violation will result in additional lawful consequences.

This notice is made under penalty of perjury under Common Law, with all rights reserved. Failure to respond within five (5) business days shall constitute a tacit admission of all claims herein.

## FILING NOTICE

This Judicial Notice of Ministerial Duty is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

### 1. Jurisdictional Authority of This Court of Record

• This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

• No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

### 2. Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection

• The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

• Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

• *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

• Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.

### 3. Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

• No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

• *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*

**4. Preemptive Rebuttal Against Procedural or Jurisdictional Objections**

• This filing does not constitute submission to any statutory jurisdiction.

• The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

• Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

• *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*

**5. Finality & Estoppel Against Further Unlawful Actions**

• Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

• Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and common law consequences.

**FINAL NOTICE**

This Court of Record has been duly established and invoked. No inferior statutory court may override its determinations. Any further trespass upon rights or attempts to dismiss, modify, or obstruct this filing will result in additional lawful actions under Common Law.

## SIGNATURE & DECLARATION

I, My-Name-Is-Private, one of the people, in this Court of Record, under the supreme authority of Common Law, declare under penalty of perjury that the foregoing statements are true, correct, and complete to the best of my knowledge and belief, and that all lawful demands herein must be honored without delay.

*Blackstone's Commentaries, Vol. I, Ch. 7:*

*"A court of record is the highest authority in the land, and its declarations stand as law."*

This filing is made without prejudice and with all rights reserved under the Common Law.

*Blackstone's Commentaries, Vol. III, Ch. 12:*

*"No man shall be deprived of his rights except by the law of the land."*

Respectfully submitted,

Executed this *24* day of *MARCH*, 2025.


Signed: *MY-NAME-IS-PRIVATE*

My-Name-Is-Private

Living Man, In This Court of Record

# IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED

FILED
IN CLERKS OFFICE

2025 MAR 27  AM 12: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

Plaintiff:

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email - Private Communication Only]


Defendants:

WAREHAM DISTRICT COURT,

Edward H. Sharkansky, in his official capacity as Judge of the Wareham District Court and in his personal capacity,

Daryl G. Manchester, in his official capacity as Clerk of the Wareham District Court and in his personal capacity,

Sabine M. Coyne, in her official capacity as Judge of the Wareham District Court and in her personal capacity,

Kristine A. Stone, in her official capacity as Judge of the Wareham District Court and in her personal capacity.


CASE NO.: _____

**NOTICE OF CONDITIONAL PAYMENT**

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, complain of the following unlawful actions committed by the Defendants:

**1. The right to access the courts without obstruction is an unalienable right, secured by the First Amendment, guaranteeing the right to petition for redress of grievances.**

• *Legal Maxim: "Ubi jus ibi remedium." – Where there is a right, there is a remedy. (Blackstone's Commentaries, Vol. III, Ch. 7)*

• *Blackstone's Commentaries, Vol. I, Ch. 1: "The law of the land recognizes the absolute right of the people to petition their sovereign courts without obstruction or coercion."*

**2. No fee may lawfully be imposed upon the exercise of a right, as no one may be required to pay to exercise an unalienable right. Any such requirement constitutes a prior restraint and unlawful encumbrance upon access to justice.**

• *Murdock v. Pennsylvania, 319 U.S. 105 (1943): A state may not impose a charge for the enjoyment of a right granted by the federal constitution.*

• *Legal Maxim: "Non jus ex regula, sed regula ex jure." – The law does not arise from precedent, but precedent from the law. (Blackstone's Commentaries, Vol. I, Ch. 1)*

**3. The Heller-Bruen Precedent:** *District of Columbia v. Heller, 554 U.S. 570 (2008),* **established that constitutional rights must be interpreted based on their historical meaning at the time of ratification.** *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387,* **extended this principle, requiring that any government restriction on a fundamental right must have a direct historical precedent from 1791 to be valid.**

• The right to petition for redress of grievances is a fundamental right secured by the First Amendment.

• There is no historical precedent in 1791 requiring people to pay to file in any court.

• Any requirement that a person must pay a fee to file a case is unconstitutional under Bruen unless the Defendants can prove that an identical requirement existed in 1791.

**4. Since no such historical precedent has been established, all filing fees imposed upon this Court of Record are unlawful and void ab initio.**

• *Murdock v. Pennsylvania, 319 U.S. 105 (1943): "A state may not impose a charge for the enjoyment of a right granted by the federal constitution."*

• *Legal Maxim: "Ubi jus ibi remedium." (Where there is a right, there is a remedy.) (Blackstone's Commentaries, Vol. III, Ch. 7)*

• *Legal Maxim: "Quod prius est verius est; et quod prius est tempore, potius est jure." – That which is first in time is truest; and that which is first in time is strongest in law. (Blackstone's Commentaries, Vol. I, Ch. 8)*

• *Blackstone's Commentaries, Vol. III, Ch. 9: "No person shall be required to pay for the lawful access to courts established for the people's remedy."*

**5. There is no historical precedent in 1791 requiring people to pay to file in any court.**

• If the Defendants or the Clerk claim otherwise, they are required to provide direct historical proof from 1791 demonstrating that such a payment requirement lawfully existed at that time.

• *Legal Maxim: "The burden of proof is on the accuser; if they do not prove their case, the accused is absolved." (Ei incumbit probatio qui dicit, non qui negat.) (Blackstone, Vol. III, Ch. 23)*

• *Legal Maxim: "He who does not deny, admits." (Qui non negat, fatetur.) (Blackstone, Vol. IV, Ch. 22)*

**6. Nevertheless, to prevent delay and under explicit protest, I am conditionally tendering the demanded payment. This conditional payment is made:**

• Under protest and duress, as this demand for payment is unlawful;

• Without waiver of any rights and without consenting to the assumption of statutory jurisdiction;

• Without prejudice, reserving all rights under Common Law.

**7. If this Court determines that no fee should have been required for the filing of this action, the full amount must be refunded immediately.**

• *Legal Maxim: "Injuria non excusat injuriam." – An unlawful act does not excuse another unlawful act. (Blackstone's Commentaries, Vol. IV, Ch. 21)*

• *Legal Maxim: "Lex non cogit ad impossibilia." – The law compels not the impossible. (Blackstone's Commentaries, Vol. III, Ch. 12)*

**8. This filing shall not be construed as submission to statutory jurisdiction or waiver of any Common Law rights.**

• *Legal Maxim: "Quod non legitur, non creditur." – What is not read is not believed. (Blackstone's Commentaries, Vol. I, Ch. 5)*

• *Ex parte Young, 209 U.S. 123 (1908): No government official has the discretion to impose unlawful conditions upon access to justice.*

## FILING NOTICE

This Notice of Conditional Payment is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

### 1. Jurisdictional Authority of This Court of Record

• This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

• No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

### 2. Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection

• The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

• Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

• *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

• Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.

## 3. Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

• No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

• *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*

## 4. Preemptive Rebuttal Against Procedural or Jurisdictional Objections

• This filing does not constitute submission to any statutory jurisdiction.

• The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

• Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

• *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*

## 5. Finality & Estoppel Against Further Unlawful Actions

• Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

• Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and common law consequences.

## FINAL NOTICE

This Court of Record has been duly established and invoked. No inferior statutory court may override its determinations. Any further trespass upon rights or attempts to dismiss, modify, or obstruct this filing will result in additional lawful actions under Common Law.

## SIGNATURE & DECLARATION

I, My-Name-Is-Private, one of the people, in this Court of Record, under the supreme authority of Common Law, declare under penalty of perjury that the foregoing statements are true, correct, and complete to the best of my knowledge and belief, and that all lawful demands herein must be honored without delay.

*Blackstone's Commentaries, Vol. I, Ch. 7:*

*"A court of record is the highest authority in the land, and its declarations stand as law."*

This filing is made without prejudice and with all rights reserved under the Common Law.

*Blackstone's Commentaries, Vol. III, Ch. 12:*

*"No man shall be deprived of his rights except by the law of the land."*

Respectfully submitted,

Executed this 2 4 day of _march_ , 2025.


Signed: _My-NAME-IS-PRiVATE._

My-Name-Is-Private

Living Man, In This Court of Record

# TABLE OF CONTENTS

FILED
IN CLERKS OFFICE

2025 MAR 27 AM 12: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

I. Cover Pages & Administrative Filings

1. Cover Sheet (JS-44 Civil Cover Sheet)

2. Judicial Notice of Ministerial Duty

3.  Notice of Conditional Payment

4. Table of Contents (This Page)


**II. Primary Legal Filings**

5.  Petition for Redress of Grievances and Declaration of Unlawful Actions Under Common Law

6. Table of Authorities – Petition for Redress of Grievances

7. Writ of Injunction & Prohibition

8. Table of Authorities – Writ of Injunction & Prohibition


**III. Preemptive & Reinforcement Motions**

9. Motion for Expedited Judicial Review of Jurisdiction

10. Enforcement Order

11. Motion to Strike All Unlawful Presumptions

12. Motion to Strike Any Reference to Plaintiff as a "Defendant"

13. Judicial Order to Strike Misclassification of Defendant

14. Affidavit of Truth & Statement of Facts

15. Motion for Immediate Judicial Review of Jurisdiction & Emergency Injunction Against the Wareham District Court

16.  Notice of Estoppel and Final Demand for  Compliance

17. Affidavit of Truth & Statement of Facts

18. Memorandum of Law

19. Exhibits(In Order Listed in Index)

20. Certificate of Service

**IN THIS COURT OF RECORD, UNDER THE SUPREME AUTHORITY OF COMMON LAW, WITH ALL RIGHTS RESERVED**

FILED
IN CLERKS OFFICE

2025 MAR 27 AM 12: 2?

U.S. DISTRICT COURT
DISTRICT OF MASS.

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]


Plaintiff,

vs.


Edward H. Sharkansky, man acting as Judge of Wareham District Court, in his official and personal capacity,

Daryl G. Manchester, man acting as Clerk of Wareham District Court, in his official and personal capacity,

Sabine M. Coyne, woman acting as Judge of Wareham District Court, in her official and personal capacity,

Kristine A. Stone, woman acting as Judge of Wareham District Court, in her official and personal capacity,


Defendants.


CASE NO.: _____

**PETITION FOR REDRESS OF GRIEVANCES AND DECLARATION OF UNLAWFUL ACTIONS UNDER COMMON LAW**

## SECTION I: INTRODUCTION & JURISDICTION

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, complain of the following unlawful actions committed by the Defendants.

### 1. Authority of a Court of Record

• *"A Court of Record is the highest tribunal known to law, possessing absolute authority over all matters properly before it."*

*(Blackstone's Commentaries on the Laws of England, Vol. I, Ch. 7, p. 87)*

• *"A Court of Record binds all other inferior courts."*

*(Blackstone's Commentaries, Vol. IV, Ch. 20, p. 373)*

• *"A ministerial officer is bound to obey the law, not act in defiance of it."*

*(Blackstone's Commentaries, Vol. IV, Ch. 21, p. 390; Ex parte Milligan, 71 U.S. (4 Wall.) 2, 118-121 (1866))*

### 2. Jurisdiction is the First Principle of Law

• *"Jurisdiction is the first and fundamental principle of law; without it, all acts are void."*

*(Blackstone's Commentaries, Vol. IV, Ch. 22, p. 110; Pennoyer v. Neff, 95 U.S. 714, 733 (1878))*

• *"A delegated authority cannot be greater than the source from which it derives."*

*(Blackstone's Commentaries, Vol. I, Ch. 3, p. 41)*

• *"Where there is no jurisdiction, there is no judge."*

*(Blackstone's Commentaries, Vol. III, Ch. 24, p. 379; Ex parte Kearney, 55 U.S. 449 (1852))*

- *"Jurisdiction must be proven, not presumed."*

*(Pennoyer v. Neff, 95 U.S. 714, 733 (1878))*

- *"An act done outside lawful authority is void and confers no jurisdiction."*

*(Blackstone's Commentaries, Vol. IV, Ch. 22, p. 110; Windsor v. McVeigh, 93 U.S. 274 (1876))*


3. The First Amendment Prohibits the Government From Suppressing Fundamental Rights

- **U.S. Constitution, Amendment I:**

**"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."**

- The right to petition for redress of grievances is absolute, and no statutory court, agency, or officer may interfere, obstruct, or suppress this right.

- *Blackstone's Commentaries, Vol. I, Ch. 2:*

*"Statutes must be in harmony with the common law, otherwise they are void."*

- *Legal Maxim:*

*"The common law is above all legislative acts." (Blackstone, Vol. III, Ch. 12)*

- Any attempt by the Defendants to impose statutory restrictions upon the right to petition, the right to due process, or the right to peaceably challenge jurisdiction is a direct constitutional violation.


4. Statutes Are Inferior to the Common Law

- *"Statutes must be in harmony with the Common Law; otherwise, they are void."*

*(Blackstone's Commentaries, Vol. I, Ch. 2, p. 34; Marbury v. Madison, 5 U.S. 137, 180 (1803))*

- *"The Common Law is above all legislative acts."*

*(Blackstone's Commentaries, Vol. III, Ch. 1, p. 2; Yick Wo v. Hopkins, 118 U.S. 356 (1886))*

- *"That which was not established in law from the beginning cannot be introduced later."*

*(Blackstone's Commentaries, Vol. I, Ch. 6, p. 91; Calder v. Bull, 3 U.S. 386 (1798))*

• *"A prohibition is the proper remedy to restrain unlawful usurpation of power."*

*(Blackstone's Commentaries, Vol. III, Ch. 27, p. 412)*

• *"An act of fraud vitiates everything that follows from it."*

*(Blackstone's Commentaries, Vol. III, Ch. 10, p. 234; Boyce's Executors v. Grundy, 28 U.S. 210 (1830))*

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387:*

*"Any law restricting individual liberty must have a direct historical counterpart from 1791, or it is unconstitutional."*

• Government cannot impose regulatory measures unless identical measures existed in 1791.

• Statutory laws and modern regulations must conform strictly to the historical tradition of constitutional rights.

5. No Government Interest Can Justify Constitutional Violations

• The United States Supreme Court has explicitly held that constitutional rights cannot be subject to modern government interest-balancing.

• *"The Second Amendment is not subject to a freestanding 'interest-balancing' approach."*

*(District of Columbia v. Heller, 554 U.S. 570, 634 (2008))*

• The government is prohibited from using public safety, administrative convenience, or evolving social policy to justify any restriction on a fundamental right.

• This principle applies to all constitutional rights, not just the Second Amendment.

6. The Burden of Proof is Entirely on the Government

• The government must affirmatively prove that a restriction on constitutional rights has a direct historical counterpart from 1791.

• *"Constitutional rights are interpreted according to their original public meaning at the time of ratification."*

*(Heller, 554 U.S. at 576-577)*

• If no such historical precedent exists, the restriction is unconstitutional and must be struck down.

7. If the Government Asserts That Bruen and Heller Do Not Apply, It Must Prove So

• The government is hereby ORDERED to produce legal and historical documentation from the year 1791 demonstrating:

• That a system of lifetime public registration of private individuals was in existence and enforced as a legal requirement.

• That individuals were subject to ongoing disabilities or restrictions beyond their sentence.

• That individuals were required to report to government officials or be publicly branded as offenders after serving their sentence.

• That a centralized government registry of private individuals existed and was lawful under the common law in 1791.

• Failure to produce such historical proof constitutes an admission that no such authority exists and that the restriction is unconstitutional under:

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387*

• *District of Columbia v. Heller, 554 U.S. 570 (2008)*

8. If the Government Refuses to Provide Such Evidence, Then It Concedes That No Historical Justification Exists

• *"The enshrinement of constitutional rights necessarily takes certain policy choices off the table."*

*(Heller, 554 U.S. at 636)*

• Any statutory law attempting to impose new restrictions without a direct 1791 historical precedent lacks all lawful authority and is void ab initio.

• The absence of historical precedent in 1791 is dispositive—if no such regulation existed then, it cannot exist today.


## SECTION II: FACTUAL BACKGROUND


### A. Unlawful Summons, Lack of Due Process, and Failure to Prove Jurisdiction

**1. On January 8, 2025, the Wareham District Court issued a Criminal Complaint against Plaintiff under Case No. 2560CR000037.**

**2. This complaint was issued from an Electronic Application, without a valid affidavit from an injured party or lawful grand jury indictment, in direct violation of:**


• *Hurtado v. California, 110 U.S. 516, 534-535 (1884)* (No prosecution without grand jury indictment).

• **Fifth Amendment, U.S. Constitution** (No person shall be held to answer without due process).

• *Blackstone's Commentaries, Vol. IV, Ch. 23 (1769):*

*"No man shall be bound to answer for a crime without due presentment or indictment."*


**3. On February 10, 2025, Plaintiff sent an Express Mailed Notice of Special Appearance & Jurisdictional Challenge via Tracking # EI 320 916 275 US, received and signed for by Wareham District Court on February 11, 2025.**

**4. This Notice explicitly challenged jurisdiction and demanded strict proof on the record, as required by:**


• *Pennoyer v. Neff, 95 U.S. 714, 733 (1878)* (Jurisdiction must be proven, not assumed).

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974)* (Unrebutted claims stand as truth in law).

• *Legal Maxim:*

*"A delegated authority cannot be superior to that from which it is derived."* (Blackstone, Vol. I, Ch. 3)

**5. Despite receiving this challenge, the Wareham District Court proceeded to issue a Summons on February 12, 2025, in violation of due process.**

**6. The Constitutional Standard Under Heller & Bruen**

• *The Supreme Court in District of Columbia v. Heller, 554 U.S. 570 (2008)* established that constitutional rights must be interpreted according to their original public meaning at the time of ratification (1791).

• Heller reaffirmed that individual rights are not subject to balancing tests or modern government interests; they stand absolute unless a direct historical analogue from 1791 supports a restriction.

• *The Bruen Precedent (597 U.S. ___, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022))* further mandates that any statutory action, burden, or government mandate must have a direct historical equivalent from 1791 to be valid.

**7. As there was no historical precedent in 1791 for:**

• Electronic criminal complaints

• Summons issued absent an indictment

• Statutory court proceedings requiring administrative oversight

All actions taken under such process are void ab initio.

**8. *Legal Maxim:***

*"That which was not established in law from the beginning cannot be introduced later."* (Blackstone, Vol. I, Ch. 6)

**B. Illegal Arrest, Lack of Warrant, and Violation of Due Process**

**9. On February 13, 2025, Plaintiff was forcibly arrested at his home by Middleboro Police, without being presented with a lawful warrant signed by a lawful magistrate.**

**10. *Blackstone, Vol. IV, Ch. 21:***

*"An arrest must be by warrant upon oath, signed by a lawful magistrate, based on presentment by a lawful jury."*

**11. Plaintiff was detained for four hours without any verified warrant ever being produced in violation of:**

• *Ex parte Milligan, 71 U.S. (4 Wall.) 2, 118-121 (1866)* (Administrative courts cannot detain a man without due process).

• **Fourth Amendment, U.S. Constitution** (No warrant shall issue without probable cause, supported by oath or affirmation).

• *Legal Maxim:*

*"Where there is no jurisdiction, there is no judge." (Blackstone, Vol. I, Ch. 7)*

**12. The Bruen Precedent (2022) Further Establishes That:**

• No law or policy restricting individual liberty may exist unless its historical equivalent existed in 1791.

• The Heller Court held that governments may not impose new legal burdens on rights beyond those recognized at the time of ratification.

• Since no historical precedent in 1791 exists allowing arbitrary arrest procedures without an affidavit, presentment, and judicial review, Plaintiff's arrest was unlawful and in violation of due process.

**13. As there was no arbitrary arrest procedure in 1791 without an affidavit, presentment, and judicial review, Plaintiff's arrest was unlawful and in violation of due process.**

**C. Defendants' Failure to Rebut Establishes Estoppel**

**14. On February 14, 2025, Plaintiff filed a Notice of Default for Failure to Prove Jurisdiction, which remains unrebutted.**

**15. As a matter of law, an unrebutted claim stands as truth.**

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974)* (Unrebutted claims stand as truth).

• *Pennoyer v. Neff, 95 U.S. 714, 733 (1878)* (Jurisdiction must be proven, not presumed).

• *Legal Maxim:*

*"Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

16. The Wareham District Court's failure to respond constitutes an admission that jurisdiction never existed.

**D. Application of Heller & Bruen to Plaintiff's Case**

**17. The Supreme Court in Heller and Bruen established that any statutory requirement imposed on an individual must be rooted in historical tradition from 1791.**

**18. Plaintiff is unlawfully subjected to:**

• Mandatory registry laws

• Statutory restrictions that did not exist at the time of the Founding.

**19. As there was no historical precedent in 1791 requiring any man to "register" himself with the state, such laws are unconstitutional under Bruen.**

**20. *Hurtado v. California, 110 U.S. 516 (1884),* confirms that fundamental rights must be adjudicated under due process consistent with historical tradition.**

**21.** *Legal Maxim:*

*"That which was not established in law from the beginning cannot be introduced later."*
*(Blackstone, Vol. I, Ch. 6)*

**22. ORDER TO DEFENDANTS:**

• The Defendants are hereby **ORDERED** to produce direct historical precedent from the year 1791 demonstrating that their actions are constitutionally permissible.

• Failure to do so constitutes an admission that no such authority exists.

**23. Pursuant to** *Bruen, 142 S. Ct. at 2131***, no modern statutory justification may override historical legal tradition.**

**24. Any refusal to dismiss Plaintiff's case constitutes willful trespass against the rights of one of the people, punishable under Common Law**

**III. LEGAL BASIS FOR RELIEF**

**A. Jurisdiction Must Be Established Before Any Proceeding Can Continue**

**1. No proceeding may continue until jurisdiction is proven on the record.**

• *Pennoyer v. Neff, 95 U.S. 714, 733 (1878)* – *"Jurisdiction must be proven, not presumed."*

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974)* – *"An unrebutted jurisdictional challenge stands as truth in law."*

• *Blackstone's Commentaries, Vol. I, Ch. 3* – *"Jurisdiction is the first and fundamental principle of all judicial power."*

**2. Defendants have failed to produce any lawful proof of jurisdiction, thus rendering all proceedings void ab initio.**

• *Baldwin v. Hale, 68 U.S. 223 (1863) – "A court must cease proceedings once jurisdiction is challenged and remains unproven."*

• *Ex parte Kearney, 55 U.S. 449 (1852) – "A statutory court has no power to override a properly convened Court of Record."*

## B. Absence of a Lawful Grand Jury Indictment

3. The prosecution has failed to present a true bill of indictment from a Grand Jury.

• *Hurtado v. California, 110 U.S. 516 (1884) – "No prosecution may proceed absent a Grand Jury indictment."*

• *Stirone v. United States, 361 U.S. 212 (1960) – "A conviction or trial based on an invalid indictment is void."*

• *Blackstone's Commentaries, Vol. IV, Ch. 23 – "No man shall be bound to answer for a crime without due presentment or indictment."*

## C. Government Officials Lose Immunity When Acting Outside Lawful Authority

**4. Defendants are acting ultra vires (beyond their lawful authority) and are personally liable.**

• *Scheuer v. Rhodes, 416 U.S. 232 (1974) – "Government officials acting without jurisdiction lose all immunity."*

• *Owen v. City of Independence, 445 U.S. 622 (1980) – "No official immunity applies when jurisdiction is lacking."*

• *Legal Maxim: "An act of fraud vitiates everything that follows from it." – Blackstone, Vol. III, Ch. 10*

## D. Compliance With Heller, Bruen & Constitutional Standards

**5. Heller and Bruen confirm that any law restricting an individual's rights must have a historical counterpart from 1791 to be constitutional.**

• *District of Columbia v. Heller, 554 U.S. 570 (2008)* – "*No government may impose a restriction unless it existed historically at the time of the Founding.*"

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111* – "*No law restricting rights may exist unless a direct historical equivalent existed in 1791.*"

• *Hurtado v. California, 110 U.S. 516 (1884)* – "*Fundamental rights must be adjudicated under due process consistent with historical tradition.*"

**6. Since mandatory registry laws and statutory restrictions did not exist in 1791, they are presumptively unconstitutional under Bruen.**

• *Legal Maxim: "That which was not established in law from the beginning cannot be introduced later." – Blackstone, Vol. I, Ch. 6*

## SECTION IV – RELIEF REQUESTED

### A. Injunction Against the Wareham District Court

**1. Immediate Injunction prohibiting the Defendants from taking any further action against Plaintiff without first proving lawful jurisdiction in this Court of Record.**

• *Legal Maxim: "Jurisdiction is the first essential in any legal proceeding." (Blackstone, Vol. IV, Ch. 22)*

• Case Law: *Pennoyer v. Neff, 95 U.S. 714, 733 (1878) – Jurisdiction must be proven, not presumed.*

**2. Recognition of Plaintiff's Court of Record Authority and the invalidation of all actions taken under statutory presumptions.**

• *Blackstone's Commentary: "A court of record binds all other inferior courts." (Blackstone, Vol. IV, Ch. 20)*

• Case Law: *Ex parte Kearney, 55 U.S. 449 (1852) – Statutory courts cannot override a properly convened Court of Record.*

**3. Declaration that the Wareham District Court Lacked Jurisdiction ab initio and that all proceedings are void.**

• *Legal Maxim: "That which is void from the beginning cannot be validated by subsequent acts."* (Blackstone, Vol. I, Ch. 6)

**4. Formal Expungement of All Records related to these unlawful proceedings, removing them from any public, private, or government database.**

• *Case Law: Windsor v. McVeigh, 93 U.S. 274 (1876) – Fraud vitiates everything it touches.*

• *Legal Maxim: "A record that is unlawfully created is no record at all." (Blackstone, Vol. III, Ch. 10)*

**B. Legal Recognition of Judicial Default & Estoppel**

**5. Formal Judicial Acknowledgment of Default due to the Wareham District Court's failure to respond to jurisdictional challenges.**

• *Case Law: Hagans v. Lavine, 415 U.S. 528, 533 (1974) – Unrebutted claims stand as truth in law.*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

**6. Estoppel Against All Defendants preventing them from further attempting to assert jurisdiction over Plaintiff.**

• *Case Law: Baldwin v. Hale, 68 U.S. 223 (1863) – A default on jurisdictional matters permanently bars further claims.*

• *Legal Maxim: "A matter that has been resolved cannot be reopened." (Blackstone, Vol. III, Ch. 17)*

**C. Compliance With the Bruen Precedent & Constitutional Standards**

**7. Declaration that Mandatory Registry Laws Are Unconstitutional under the Heller-Bruen Standard due to lack of a historical precedent in 1791.**

• *Case Law: New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022) – No statutory restriction may exist without direct historical precedent.*

**8. The Bruen Precedent (597 U.S. ____, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022)) requires that any restriction on fundamental rights must be rooted in direct historical precedent from 1791.**

• *District of Columbia v. Heller, 554 U.S. 570 (2008) – "Rights cannot be diminished by new statutory constructs absent direct historical tradition."*

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387 – "If a regulation lacks a historical analogue from 1791, it is presumptively unconstitutional."*

Bruen Application to This Case:

• No historical precedent exists in 1791 for:

• Electronic criminal complaints or summons issued without an indictment.

• Forced statutory registration schemes upon private men.

• Administrative proceedings that override common law due process.

• Mandated filing fees required for access to a Court of Record.

• Legal Maxim:

*"That which was not established in law from the beginning cannot be introduced later." – Blackstone, Vol. I, Ch. 6*

**D. Final Demand for Full Compliance**

**9. Immediate Injunction Against Any Further Trespass Upon Plaintiff's Rights.**

• *Legal Maxim: "The law does not recognize injury where there is no lawful authority." (Blackstone, Vol. I, Ch. 2)*

**10. Compelled Production of All Court Records, Warrant Information, and Arrest Documentation for Full Transparency.**

• Case Law: *Marbury v. Madison, 5 U.S. 137 (1803) – Government actors must produce proof of their authority.*

**11. Any Refusal to Comply Shall Be Deemed Willful Trespass, Fraud, and Obstruction of Justice.**

• *Legal Maxim: "A fraudulent act is null and void from the beginning." (Blackstone, Vol. III, Ch. 10)*

• Case Law: *Owen v. City of Independence, 445 U.S. 622 (1980) – No official immunity exists when jurisdiction is lacking.*

## V. NOTICE OF PERSONAL LIABILITY

### 1. Defendants Are Personally Liable for Unlawful Acts.

• No official immunity applies when a government agent acts outside jurisdiction.

• *Owen v. City of Independence, 445 U.S. 622 (1980) – Public officials have no immunity for actions violating constitutional rights.*

• *Legal Maxim: "An act done outside of lawful authority is void and carries no immunity." (Blackstone, Vol. IV, Ch. 29)*

### 2. Jurisdiction Was Properly Challenged and Remains Unproven.

• Once jurisdiction is challenged, it must be proven on the record before any further action is taken.

• *Pennoyer v. Neff, 95 U.S. 714 (1878) – A void judgment is legally nonexistent and cannot be enforced.*

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974) – "Unrebutted claims stand as truth in law."*

• *Legal Maxim: "Silence in the face of a lawful demand is acquiescence." (Blackstone, Vol. III, Ch. 12)*

### 3. All Orders, Warrants, and Actions Taken Are Void Ab Initio.

• The failure to establish jurisdiction renders all proceedings and mandates null and void.

• *Windsor v. McVeigh, 93 U.S. 274 (1876) – "Jurisdiction obtained through fraud or assumption is void from the outset."*

• *Legal Maxim: "That which is void from the beginning cannot be made valid by subsequent acts." (Blackstone, Vol. I, Ch. 6)*

**4. Willful Trespass Ab Initio Established by Defendants' Actions.**

• Any further enforcement or actions taken after this notice will be deemed trespass ab initio, subjecting Defendants to full personal liability.

• *Legal Maxim: "He who acts beyond his lawful authority is a trespasser from the beginning." (Blackstone, Vol. IV, Ch. 22)*

**5. Ministerial Officers Have No Discretion to Violate Common Law Rights.**

• *Cooper v. Aaron, 358 U.S. 1 (1958) – No government official may override constitutional limitations.*

• *Ex parte Young, 209 U.S. 123 (1908) – "Officials acting beyond their lawful authority are personally responsible for damages."*

• *Legal Maxim: "A ministerial officer is bound to obey the law, not act in defiance of it." (Blackstone, Vol. IV, Ch. 21)*


# VII. CONCLUSION

**1. This Court of Record, under the supreme authority of the Common Law, holds jurisdiction over all matters presented herein, and no statutory tribunal may usurp its authority.**

• *Blackstone's Commentaries, Vol. IV, Ch. 23: "A court of record binds all inferior tribunals, and its determinations stand as law."*

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

**2. The Defendants—WAREHAM DISTRICT COURT, Edward H. Sharkansky, Daryl G. Manchester, Sabine M. Coyne, and Kristine A. Stone—acting without jurisdiction, have committed acts of trespass, fraud, and unlawful restraint against one of the people.**

• *Pennoyer v. Neff, 95 U.S. 714, 733 (1878): "Jurisdiction is the first and fundamental principle of law. Without it, all acts are void."*

• *Legal Maxim: "That which is done in fraud is done in vain." (Blackstone, Vol. III, Ch. 10)*

**3. The Defendants have defaulted by failing to rebut the jurisdictional challenge, thereby admitting their lack of lawful authority.**

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted claim stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

**4. All statutory orders, warrants, and mandates issued by the Wareham District Court and its officers against the Plaintiff are null and void ab initio.**

• *Windsor v. McVeigh, 93 U.S. 274 (1876): "Jurisdiction obtained through fraud or default is void and confers no legal authority."*

• *Legal Maxim: "The law does not recognize acts that are void from the beginning." (Blackstone, Vol. I, Ch. 6)*

**5. The Heller-Bruen Standard prohibits any government restriction that lacks a direct historical precedent from 1791.**

• *District of Columbia v. Heller, 554 U.S. 570 (2008): "Constitutional rights must be interpreted based on their historical understanding at the time of ratification."*

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387: "If a regulation lacks a historical analogue from 1791, it is presumptively unconstitutional."*

**6. Heller-Bruen Application to This Case:**

• No historical precedent exists in 1791 for electronic criminal complaints or summons issued without an indictment.

• No historical precedent exists in 1791 for forced statutory registration schemes upon private men.

• No historical precedent exists in 1791 for administrative proceedings that override common law due process.

• *Legal Maxim: "That which was not established in law from the beginning cannot be introduced later." (Blackstone, Vol. I, Ch. 6).*

## VIII. FINAL DEMANDS

### A. Immediate cessation of all proceedings against Plaintiff.

• *Legal Maxim: "An act done without jurisdiction is wholly void." (Blackstone, Vol. III, Ch. 4)*

• Case Law: *Marbury v. Madison, 5 U.S. 137, 180 (1803): "A law repugnant to the Constitution is void."*

### B. Recognition that all actions taken by Wareham District Court and its officers are void for lack of jurisdiction.

• *Legal Maxim: "He who acts outside the law does not act at all." (Blackstone, Vol. I, Ch. 7)*

• Case Law: *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

### C. Expungement of all records related to this unlawful matter.

• *Legal Maxim: "Fraud destroys the validity of everything it touches." (Blackstone, Vol. III, Ch. 12)*

• Case Law: *Boyce's Executors v. Grundy, 28 U.S. 210 (1830): "Fraud vitiates everything."*

### D. Full ministerial compliance by all Defendants, under penalty of trespass and fraud.

• Legal Maxim: "Every right implies a remedy." (Blackstone, Vol. III, Ch. 13)

• Case Law: *Owen v. City of Independence, 445 U.S. 622 (1980): "No official immunity exists when fundamental rights are violated."*

## FILING NOTICE

This Petition for Redress of Grievances and Declaration of Unlawful Actions is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

## 1. Jurisdictional Authority of This Court of Record

• This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

• No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

## 2. Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection

• The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

• Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

• *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

• Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.

## 3. Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

• No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

• *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*

## 4. Preemptive Rebuttal Against Procedural or Jurisdictional Objections

• This filing does not constitute submission to any statutory jurisdiction.

• The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

• Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

• *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*

## 5. Finality & Estoppel Against Further Unlawful Actions

• Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

• Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and common law consequences.

## IX. SIGNATURE & DECLARATION

I, My-Name-Is-Private, one of the people, in this Court of Record, under the supreme authority of Common Law, declare under penalty of perjury that the foregoing statements are true, correct, and complete to the best of my knowledge and belief, and that all lawful demands herein must be honored without delay.

*Blackstone's Commentaries, Vol. I, Ch. 7:*

*"A court of record is the highest authority in the land, and its declarations stand as law."*

This filing is made without prejudice and with all rights reserved under the Common Law.

*Blackstone's Commentaries, Vol. III, Ch. 12:*

*"No man shall be deprived of his rights except by the law of the land."*

Respectfully submitted,

Executed this 24 day of *MARCH*, 2025.


Signed: *MY-NAME-IS-PRIVATE .*

My-Name-Is-Private

Living Man, In This Court of Record

FILED
IN CLERKS OFFICE

2025 MAR 27  AM 12: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

# TABLE OF AUTHORITIES FOR THE PETITION FOR REDRESS OF GRIEVANCES

## I. CONSTITUTIONAL LAW

• U.S. Constitution, First Amendment – Right to petition for redress of grievances, freedom of speech, and freedom of assembly. (Section I)

• U.S. Constitution, Article III, Section 2 – Judicial power extends to all cases arising under the Constitution. (Section I, IV)

• U.S. Constitution, Fourth Amendment – No warrants shall issue but upon probable cause, supported by oath or affirmation. (Section II, IV, VI)

• U.S. Constitution, Fifth Amendment – No person shall be held to answer for a crime without due process of law. (Section II, IV, VI)

• U.S. Constitution, Sixth Amendment – Right to a speedy and public trial by an impartial jury. (Section II, IV, VI)

• U.S. Constitution, Ninth Amendment – The enumeration of certain rights shall not be construed to deny or disparage others retained by the people. (Section I, IV, VI)

• U.S. Constitution, Tenth Amendment – Powers not delegated to the federal government are reserved to the states or to the people. (Section I, IV, VI)

## II. SUPREME COURT CASE LAW

• Pennoyer v. Neff, 95 U.S. 714 (1878) – Jurisdiction must be proven, not presumed. (Section I, IV)

• Windsor v. McVeigh, 93 U.S. 274 (1876) – Jurisdiction obtained through fraud is void. (Section I, V)

• Boyce's Executors v. Grundy, 28 U.S. 210 (1830) – Fraud vitiates everything it touches. (Section I, V)

• Marbury v. Madison, 5 U.S. 137 (1803) – A law repugnant to the Constitution is void. (Section I, IV)

• Ex parte Kearney, 55 U.S. 449 (1852) – A statutory court has no power to override a properly convened Court of Record. (Section I, IV)

• Ex parte Milligan, 71 U.S. 2 (1866) – A court lacking jurisdiction may not proceed under color of law. (Section I, IV, VI)

• New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 – A government restriction must have a historical counterpart from 1791 to be constitutional. (Section I, II, IV, VI)

• District of Columbia v. Heller, 554 U.S. 570 (2008) – Rights must be interpreted according to their original meaning at the time of ratification. (Section I, II, IV, VI)

• Hurtado v. California, 110 U.S. 516 (1884) – No prosecution may proceed without a grand jury indictment. (Section II, IV, VI)

• Hagans v. Lavine, 415 U.S. 528 (1974) – An unrebutted jurisdictional challenge stands as truth in law. (Section II, V, VI)

• Baldwin v. Hale, 68 U.S. 223 (1863) – A court must cease proceedings once jurisdiction is challenged and remains unproven. (Section IV, VI)

• Stirone v. United States, 361 U.S. 212 (1960) – A conviction or trial based on an invalid indictment is void. (Section IV, VI)

• Cooper v. Aaron, 358 U.S. 1 (1958) – No government official may override constitutional limitations. (Section IV, VI)

• Scheuer v. Rhodes, 416 U.S. 232 (1974) – Government officials acting without jurisdiction lose all immunity. (Section IV, V, VI)

• Owen v. City of Independence, 445 U.S. 622 (1980) – No official immunity applies when jurisdiction is lacking. (Section V, VI)

## III. BLACKSTONE'S COMMENTARIES ON THE LAWS OF ENGLAND

• Vol. I, Ch. 7 – "A Court of Record is the highest tribunal known to law, possessing absolute authority over all matters properly before it." (Section I)

• Vol. IV, Ch. 22 – "Jurisdiction is the first and fundamental principle of law; without it, all acts are void." (Section I, IV, V)

• Vol. I, Ch. 3 – "A delegated authority cannot be greater than the source from which it derives." (Section I, IV)

• Vol. IV, Ch. 20 – "A Court of Record binds all other inferior courts." (Section I, IV)

• Vol. III, Ch. 27 – "A prohibition is the proper remedy to restrain unlawful usurpation of power." (Section I, IV)

• Vol. IV, Ch. 23 – "No man shall be bound to answer for a crime without due presentment or indictment." (Section II, IV, VI)

• Vol. III, Ch. 9 – "The only proper method of accusation is by presentment or indictment before a jury of one's peers." (Section II, IV)

• Vol. IV, Ch. 21 – "An unlawful arrest is a trespass against the law of the land." (Section VI)

• Vol. III, Ch. 10 – "Fraud vitiates everything it touches." (Section IV, V, VI)


## IV. LEGAL MAXIMS

• "Where there is no jurisdiction, there is no judge." (Blackstone, Vol. IV, Ch. 22) (Section I, IV)

• "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22) (Section I, IV)

• "A delegated authority cannot be superior to that from which it is derived." (Blackstone, Vol. I, Ch. 3) (Section I, IV)

• "An act of fraud vitiates everything that follows from it." (Blackstone, Vol. III, Ch. 10) (Section I, IV, V, VI)

• "That which was not established in law from the beginning cannot be introduced later." (Blackstone, Vol. I, Ch. 6) (Section I, IV, VI)

• "Silence in the face of a lawful demand is acquiescence." (Blackstone, Vol. III, Ch. 12) (Section IV, V, VI)

• "He who refuses to answer a lawful claim concedes to its validity." (Blackstone, Vol. IV, Ch. 22) (Section VI)

• "An unlawful arrest is a trespass against the law of the land." (Blackstone, Vol. IV, Ch. 21) (Section VI)

• "That which is void from the beginning cannot be made valid by subsequent acts." (Blackstone, Vol. I, Ch. 6) (Section IV, VI)

• "A ministerial officer is bound to obey the law, not act in defiance of it." (Blackstone, Vol. IV, Ch. 21) (Section VI)

• "He who knowingly enforces an unlawful act is equally liable as its author." (Blackstone, Vol. IV, Ch. 29) (Section VI)

# IN THIS COURT OF RECORD, UNDER THE SUPREME AUTHORITY OF COMMON LAW, WITH ALL RIGHTS RESERVED

FILED
IN CLERKS OFFICE

2025 MAR 27 AM 12: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]


Plaintiff,

vs.


WAREHAM DISTRICT COURT,

Edward H. Sharkansky, man acting as Judge of the Wareham District Court, in his official and personal capacity,

Daryl G. Manchester, man acting as Clerk of the Wareham District Court, in his official and personal capacity,

Sabine M. Coyne, woman acting as Judge of the Wareham District Court, in her official and personal capacity,

Kristine A. Stone, woman acting as Judge of the Wareham District Court, in her official and personal capacity.


Defendants.


CASE NO.: _____

# WRIT OF INJUNCTION & PROHIBITION

## SECTION I: INTRODUCTION & JURISDICTION

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, complain of the following unlawful actions committed by the Defendants.

1. Authority of a Court of Record

• *"A Court of Record is the highest tribunal known to law, possessing absolute authority over all matters properly before it."*

*(Blackstone's Commentaries on the Laws of England, Vol. I, Ch. 7, p. 87)*

• *"A Court of Record binds all other inferior courts."*

*(Blackstone's Commentaries, Vol. IV, Ch. 20, p. 373)*

• *"A ministerial officer is bound to obey the law, not act in defiance of it."*

*(Blackstone's Commentaries, Vol. IV, Ch. 21, p. 390; Ex parte Milligan, 71 U.S. (4 Wall.) 2, 118-121 (1866))*

2. Jurisdiction is the First Principle of Law

• "Jurisdiction is the first and fundamental principle of law; without it, all acts are void."

*(Blackstone's Commentaries, Vol. IV, Ch. 22, p. 110; Pennoyer v. Neff, 95 U.S. 714, 733 (1878))*

• *"A delegated authority cannot be greater than the source from which it derives."*

*(Blackstone's Commentaries, Vol. I, Ch. 3, p. 41)*

• *"Where there is no jurisdiction, there is no judge."*

*(Blackstone's Commentaries, Vol. III, Ch. 24, p. 379; Ex parte Kearney, 55 U.S. 449 (1852))*

• *"Jurisdiction must be proven, not presumed."*

*(Pennoyer v. Neff, 95 U.S. 714, 733 (1878))*

• *"An act done outside lawful authority is void and confers no jurisdiction."*

*(Blackstone's Commentaries, Vol. IV, Ch. 22, p. 110; Windsor v. McVeigh, 93 U.S. 274 (1876))*

3. Statutes Are Inferior to the Common Law

• *"Statutes must be in harmony with the Common Law; otherwise, they are void."*

*(Blackstone's Commentaries, Vol. I, Ch. 2, p. 34; Marbury v. Madison, 5 U.S. 137, 180 (1803))*

• *"The Common Law is above all legislative acts."*

*(Blackstone's Commentaries, Vol. III, Ch. 1, p. 2; Yick Wo v. Hopkins, 118 U.S. 356 (1886))*

• *"That which was not established in law from the beginning cannot be introduced later."*

*(Blackstone's Commentaries, Vol. I, Ch. 6, p. 91; Calder v. Bull, 3 U.S. 386 (1798))*

• *"A prohibition is the proper remedy to restrain unlawful usurpation of power."*

*(Blackstone's Commentaries, Vol. III, Ch. 27, p. 412)*

• *"An act of fraud vitiates everything that follows from it."*

*(Blackstone's Commentaries, Vol. III, Ch. 10, p. 234; Boyce's Executors v. Grundy, 28 U.S. 210 (1830))*

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111* – Any government-imposed restriction on a constitutional right must have an identical historical precedent from 1791 or be deemed unconstitutional.

• *District of Columbia v. Heller, 554 U.S. 570 (2008)* – The Supreme Court held that constitutional rights must be interpreted based on their original public meaning at the time of ratification (1791) and cannot be subject to balancing tests or modern governmental interests.

• *"Government cannot impose regulatory measures unless identical measures existed in 1791."*

*(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387)*

4. All Actions Taken in Absence of Jurisdiction Are Void

• *"An act done without lawful authority is null and void from the beginning."*

*(Blackstone's Commentaries, Vol. I, Ch. 6, p. 91)*

• *"A statutory tribunal cannot override a properly convened Court of Record."*

*(Ex parte Kearney, 55 U.S. 449 (1852))*

• *"Where jurisdiction is lacking, all actions taken are void ab initio."*

*(Pennoyer v. Neff, 95 U.S. 714, 733 (1878))*

• *"Once jurisdiction is challenged, it must be proven before any further action is taken."*

*(Hagans v. Lavine, 415 U.S. 528, 533 (1974))*


## SECTION II: FACTUAL BACKGROUND

A. Unlawful Summons, Lack of Due Process, and Failure to Prove Jurisdiction

1. On January 8, 2025, the Wareham District Court issued a Criminal Complaint against Plaintiff under Case No. 2560CR000037.

2. This complaint was issued from an Electronic Application, without a valid affidavit from an injured party or a lawful grand jury indictment, in direct violation of:

• *Hurtado v. California, 110 U.S. 516, 534-535 (1884)* – No prosecution may proceed without a Grand Jury indictment.

• **Fifth Amendment, U.S. Constitution** – No person shall be held to answer for a crime without due process of law.

• *Blackstone's Commentaries, Vol. IV, Ch. 23 (1769)* – *"No man shall be bound to answer for a crime without due presentment or indictment."*

• *Legal Maxim* – *"An accusation unsupported by oath is no accusation at all."* (Blackstone, Vol. III, Ch. 9)

3. On February 10, 2025, Plaintiff sent an Express Mailed Notice of Special Appearance & Demand for Jurisdictional Proof, via Tracking # EI 320 916 275 US, received and signed for by Wareham District Court on February 11, 2025.

4. This Notice explicitly invoked:

• *Pennoyer v. Neff, 95 U.S. 714, 733 (1878)* – Jurisdiction must be proven, not assumed.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974)* – An unrebutted jurisdictional challenge stands as truth in law.

• *Legal Maxim – "A delegated authority cannot be superior to that from which it is derived." (Blackstone, Vol. I, Ch. 3)*

• *Legal Maxim – "Jurisdiction is the foundation of all legal authority; without it, all acts are void." (Blackstone, Vol. IV, Ch. 22)*

5. Despite failing to rebut this demand, the Wareham District Court proceeded to issue a Summons on February 12, 2025, rendering the entire process void ab initio.

6. *The Bruen Precedent (New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387)* mandates that all statutory actions must be rooted in a direct historical precedent from 1791.

7. As there was no historical precedent in 1791 for:

• Electronic criminal complaints

• Summons issued absent an indictment

• Statutory court proceedings requiring administrative oversight

→ All actions taken under such process are void ab initio.

8. Further Legal and Historical Basis for Nullification:

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387* – Any action taken under color of law that lacks a direct historical analogue from 1791 is presumptively unconstitutional and void.

• The Defendants bear the burden of proving that their actions, including the imposition of statutory restrictions and obligations, are historically justified under common law principles.

• If no such historical precedent exists, their actions are unlawful.

*9. District of Columbia v. Heller, 554 U.S. 570 (2008),* further establishes that constitutional rights are not subject to government interest-balancing.

• *"The Second Amendment is not subject to a freestanding 'interest-balancing' approach." (Heller, 554 U.S. at 634)*

• This applies to all constitutional rights, preventing courts and public officials from justifying any statutory regulation on the basis of public safety, policy considerations, or governmental convenience.

• Heller also mandates that all constitutional rights be interpreted according to their original public meaning at the time of ratification (1791).

• *"Constitutional rights are interpreted according to their original public meaning at the time of ratification." (Heller, 554 U.S. at 576-577)*

• This eliminates any discretion for the Defendants to impose regulations, obligations, or restrictions beyond those recognized under common law in 1791.

10. Bruen and Heller together establish an inescapable legal standard:

• The Defendants must provide direct historical proof from 1791 demonstrating that their enforcement actions are lawful.

• If they fail to do so, they concede that their actions are unconstitutional and void.

• *Legal Maxim – "That which was not established in law from the beginning cannot be introduced later." (Blackstone, Vol. I, Ch. 6)*

## SECTION III: LEGAL BASIS FOR RELIEF

A. Jurisdiction Must Be Established Before Any Proceeding Can Continue

1. No proceeding may continue until jurisdiction is proven on the record.

• *Pennoyer v. Neff, 95 U.S. 714, 733 (1878) – "Jurisdiction must be proven, not presumed."*

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974) – "An unrebutted jurisdictional challenge stands as truth in law."*

• *Blackstone's Commentaries, Vol. I, Ch. 3 – "Jurisdiction is the first and fundamental principle of all judicial power."*

• *Blackstone's Commentaries, Vol. III, Ch. 12 – "No man shall be deprived of his rights except by the law of the land."*

*2. Defendants have failed to produce any lawful proof of jurisdiction, thus rendering all proceedings void ab initio.*

• *Baldwin v. Hale, 68 U.S. 223 (1863) – "A court must cease proceedings once jurisdiction is challenged and remains unproven."*

• *Ex parte Kearney, 55 U.S. 449 (1852) – "A statutory court has no power to override a properly convened Court of Record."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 22) – "An act done without lawful authority is void."*

B. Absence of a Lawful Grand Jury Indictment

3. The prosecution has failed to present a true bill of indictment from a Grand Jury.

• *Hurtado v. California, 110 U.S. 516 (1884) – "No prosecution may proceed absent a Grand Jury indictment."*

• *Stirone v. United States, 361 U.S. 212 (1960) – "A conviction or trial based on an invalid indictment is void."*

• *Blackstone's Commentaries, Vol. IV, Ch. 23 – "No man shall be bound to answer for a crime without due presentment or indictment."*

C. Defendants' Personal Liability Precedes Injunctive Relief

4. As Defendants have failed to establish jurisdiction and proceeded in an unlawful manner, they are personally liable for all actions taken without lawful authority.

• *Owen v. City of Independence, 445 U.S. 622 (1980) – "Public officials have no immunity for actions violating constitutional rights."*

• *Scheuer v. Rhodes, 416 U.S. 232 (1974) – "Government officials acting without jurisdiction lose all immunity."*

• *Blackstone's Commentaries, Vol. IV, Ch. 29 – "He who knowingly enforces an unlawful act is equally liable as its author."*

5. Therefore, this Court of Record must issue an immediate injunction prohibiting the Defendants from any further action unless and until jurisdiction is proven on the record.

D. Application of the Bruen Precedent (2022) to Plaintiff's Case

6. The United States Supreme Court has established that any law restricting an individual's rights must have a direct historical counterpart from 1791 to be constitutional.

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 – "Any government-imposed restriction on a constitutional right must have an identical historical precedent from 1791 or be deemed unconstitutional."*

• *District of Columbia v. Heller, 554 U.S. 570 (2008) – "The enshrinement of constitutional rights necessarily takes certain policy choices off the table."*

7. If the Defendants fail to provide direct historical evidence that their statutory authority was lawfully recognized under common law in 1791, then their enforcement actions are unconstitutional and void.

• *Legal Maxim (Blackstone, Vol. IV, Ch. 22) – "One who refuses to answer a lawful challenge concedes its validity."*

• *Baldwin v. Hale, 68 U.S. 223 (1863) – "A government actor's default on a jurisdictional matter results in permanent estoppel."*

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974) – "Unrebutted claims stand as truth in law."*

8. Defendants' failure to produce historical justification constitutes their admission that no such authority exists, and the law they seek to enforce is null and void ab initio.

E. Final Order to Defendants – Demand for Historical Justification Under Bruen and Heller

9. The Defendants are hereby ORDERED to provide direct historical proof from 1791 that their enforcement actions—including the imposition of statutory obligations, registry requirements, and administrative oversight—are lawful under the Common Law.

• *If they fail to produce such proof, they concede that their enforcement actions are unconstitutional and void under New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022) and District of Columbia v. Heller, 554 U.S. 570 (2008).*

• Fraudulently asserting legal authority absent such proof constitutes knowing and willful trespass upon protected rights, making each Defendant personally liable for damages arising from their unlawful actions.

## SECTION IV: RELIEF REQUESTED

A. Injunction Against the Wareham District Court

1. Immediate Injunction prohibiting the Defendants from taking any further action against Plaintiff without first proving lawful jurisdiction in this Court of Record.

• *Legal Maxim (Blackstone, Vol. IV, Ch. 22) – "Jurisdiction is the first essential in any legal proceeding."*

• *Pennoyer v. Neff, 95 U.S. 714, 733 (1878) – "Jurisdiction must be proven, not presumed."*

• *Legal Maxim (Blackstone, Vol. I, Ch. 7) – "An act without jurisdiction is an act of nothing."*

2. Recognition of Plaintiff's Court of Record Authority and invalidation of all actions taken under statutory presumptions.

• *Blackstone's Commentaries, Vol. IV, Ch. 20 – "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852) – "Statutory courts cannot override a properly convened Court of Record."*

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387 – "Any law or regulation that lacks a direct 1791 historical equivalent must be struck down."*

3. Declaration that the Wareham District Court Lacked Jurisdiction ab initio, rendering all proceedings null & void.

• *Legal Maxim (Blackstone, Vol. I, Ch. 6) – "That which is void from the beginning cannot be validated by subsequent acts."*

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974) – "An unrebutted claim stands as truth in law."*

4. Formal Expungement of All Records related to these unlawful proceedings, removing them from any public, private, or government database.

• *Windsor v. McVeigh, 93 U.S. 274 (1876)* – *"Fraud vitiates everything it touches."*

• *Legal Maxim (Blackstone, Vol. III, Ch. 10)* – *"A record that is unlawfully created is no record at all."*

## B. Legal Recognition of Judicial Default & Estoppel

5. Formal Judicial Acknowledgment of Default due to the Wareham District Court's failure to respond to jurisdictional challenges.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974)* – *"Unrebutted claims stand as truth in law."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 29)* – *"Silence gives consent."*

• *Baldwin v. Hale, 68 U.S. 223 (1863)* – *"Default in a legal matter results in permanent estoppel."*

6. Estoppel Against All Defendants preventing them from further attempting to assert jurisdiction over Plaintiff.

• *Baldwin v. Hale, 68 U.S. 223 (1863)* – *"A default on jurisdictional matters permanently bars further claims."*

• *Legal Maxim (Blackstone, Vol. III, Ch. 17)* – *"A matter that has been resolved cannot be reopened."*

## C. Compliance With the Bruen and Heller Precedents

7. Declaration that Mandatory Registry Laws Are Unconstitutional under the Bruen and Heller Standards Due to Lack of a Historical Precedent in 1791.

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387* – *"No statutory restriction may exist without direct historical precedent."*

• *District of Columbia v. Heller, 554 U.S. 570 (2008)* – *"The Second Amendment is not subject to a freestanding 'interest-balancing' approach."*

• *Legal Maxim (Blackstone, Vol. I, Ch. 6)* – *"That which was not established in law from the beginning cannot be introduced later."*

D. Final Demand for Full Compliance

8. Immediate Injunction Against Any Further Trespass Upon Plaintiff's Rights.

• *Legal Maxim (Blackstone, Vol. I, Ch. 2)* – *"The law does not recognize injury where there is no lawful authority."*

• *Ex parte Young, 209 U.S. 123 (1908)* – *"Officials acting beyond their lawful authority are personally responsible for damages."*

9. Compelled Production of All Court Records, Warrant Information, and Arrest Documentation for Full Transparency.

• *Marbury v. Madison, 5 U.S. 137 (1803)* – *"Government actors must produce proof of their authority."*

• *Legal Maxim (Blackstone, Vol. III, Ch. 10)* – *"A matter concealed is a matter of fraud."*

10. Any Refusal to Comply Shall Be Deemed Willful Trespass, Fraud, and Obstruction of Justice.

• *Legal Maxim (Blackstone, Vol. III, Ch. 10)* – *"A fraudulent act is null and void from the beginning."*

• *Owen v. City of Independence, 445 U.S. 622 (1980)* – *"No official immunity exists when jurisdiction is lacking."*

## SECTION V: NOTICE OF PERSONAL LIABILITY

A. Defendants Are Personally Liable for Unlawful Acts

1. No official immunity applies when a government agent acts outside jurisdiction.

• *Owen v. City of Independence, 445 U.S. 622 (1980)* – *"Public officials have no immunity for actions violating constitutional rights."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 29)* – *"An act done outside of lawful authority is void and carries no immunity."*

2. Jurisdiction Was Properly Challenged and Remains Unproven.

• *Pennoyer v. Neff, 95 U.S. 714 (1878)* – *"A void judgment is legally nonexistent and cannot be enforced."*

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974)* – *"Unrebutted claims stand as truth in law."*

• *Legal Maxim (Blackstone, Vol. III, Ch. 12)* – *"Silence in the face of a lawful demand is acquiescence."*

3. All Orders, Warrants, and Actions Taken Are Void Ab Initio.

• *Windsor v. McVeigh, 93 U.S. 274 (1876)* – *"Jurisdiction obtained through fraud or assumption is void from the outset."*

• *Legal Maxim (Blackstone, Vol. I, Ch. 6)* – *"That which is void from the beginning cannot be made valid by subsequent acts."*

B. Willful Trespass Ab Initio Established by Defendants' Actions

4. Any further enforcement or actions taken after this notice will be deemed trespass ab initio, subjecting Defendants to full personal liability.

• *Ex parte Young, 209 U.S. 123 (1908)* – *"Officials acting beyond their lawful authority are personally responsible for damages."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 22)* – *"He who acts beyond his lawful authority is a trespasser from the beginning."*

5. Ministerial Officers Have No Discretion to Violate Common Law Rights.

• *Cooper v. Aaron, 358 U.S. 1 (1958)* – *"No government official may override constitutional limitations."*

• *Ex parte Milligan, 71 U.S. (4 Wall.) 2, 118-121 (1866)* – *"No government official has the discretion to suspend fundamental rights."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 21)* – *"A ministerial officer is bound to obey the law, not act in defiance of it."*

C. Defendants' Personal Liability for Fraud, Coercion, and Unlawful Orders

6. Fraud vitiates all government actions and renders them null and void.

• *Boyce's Executors v. Grundy, 28 U.S. 210 (1830)* – *"Fraud vitiates everything."*

• *Baldwin v. Hale, 68 U.S. 223 (1863)* – *"A government actor's reliance on fraudulent authority creates no lawful obligation."*

• *Legal Maxim (Blackstone, Vol. III, Ch. 10)* – *"A fraudulent act is null and void from the beginning."*

7. The Defendants, having failed to provide proof of jurisdiction, are knowingly engaging in unlawful enforcement actions, creating personal liability.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974)* – *"Unrebutted claims stand as truth in law."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 29)* – *"One who enforces an unlawful act bears the full burden of its consequences."*

• *Owen v. City of Independence, 445 U.S. 622 (1980)* – *"Officials have no immunity when violating constitutional rights."*


D. Demand for Historical Justification Under Bruen and Heller

8. Defendants are hereby ordered to produce direct historical precedent from the year 1791 demonstrating that mandatory registration laws existed and were enforced as constitutional restrictions upon private individuals.

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111, 213 L. Ed. 2d 387* – *"A law restricting individual liberty must have a direct historical counterpart from 1791, or it is unconstitutional."*

• *District of Columbia v. Heller, 554 U.S. 570 (2008)* – *"The enshrinement of constitutional rights necessarily takes certain policy choices off the table."*

9. Failure to produce historical justification from 1791 constitutes an admission that no such authority exists and that all statutory registration mandates are unconstitutional.

• *Baldwin v. Hale, 68 U.S. 223 (1863)* – *"A government actor's default on a jurisdictional matter results in permanent estoppel."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 22)* – *"One who refuses to answer a lawful challenge concedes its validity."*

10. The continued enforcement of statutory registry laws by the Defendants, despite Bruen's and Heller's precedents, constitutes willful misconduct and direct constitutional violations.

• *Cooper v. Aaron, 358 U.S. 1 (1958)* – *"Public officials are bound by Supreme Court rulings and cannot claim ignorance as a defense."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 29)* – *"He who knowingly enforces an unlawful act is equally liable as its author."*

## SECTION VI: NOTICE OF PERSONAL LIABILITY

## A. JURISDICTIONAL AUTHORITY

1. Jurisdiction is absolute and must be proven before any action can proceed.

• *Pennoyer v. Neff, 95 U.S. 714 (1878)* – *"Jurisdiction must be proven, not presumed."*

• *Ex parte Kearney, 55 U.S. 449 (1852)* – *"A statutory court has no power to override a properly convened Court of Record."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 22): "Where there is no jurisdiction, there is no judge."*

2. Failure to prove jurisdiction results in an immediate estoppel.

• *Hagans v. Lavine, 415 U.S. 528 (1974)* – *"An unrebutted jurisdictional challenge stands as truth in law."*

• *Baldwin v. Hale, 68 U.S. 223 (1863)* – *"A default on jurisdictional matters permanently bars further claims."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 29): "Silence gives consent."*

## B. NOTICE OF PERSONAL LIABILITY

3. Defendants are personally liable for unlawful acts.

• *Owen v. City of Independence, 445 U.S. 622 (1980)* – *"No official immunity applies when jurisdiction is lacking."*

• *Ex parte Young, 209 U.S. 123 (1908)* – *"Officials acting beyond their lawful authority are personally responsible for damages."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 21): "A ministerial officer is bound to obey the law, not act in defiance of it."*

4. All actions taken absent jurisdiction are void ab initio.

• *Windsor v. McVeigh, 93 U.S. 274 (1876)* – *"Jurisdiction obtained through fraud or assumption is void from the outset."*

• *Legal Maxim (Blackstone, Vol. I, Ch. 6): "That which is void from the beginning cannot be made valid by subsequent acts."*

## C. DEMAND FOR HISTORICAL JUSTIFICATION UNDER BRUEN & HELLER

5. Defendants must produce direct historical precedent from 1791 proving their enforcement actions are lawful.

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022)* – *"A law restricting individual liberty must have a direct historical counterpart from 1791, or it is unconstitutional."*

• *District of Columbia v. Heller, 554 U.S. 570 (2008)* – *"Constitutional rights are interpreted according to their original public meaning at the time of ratification."*

• *Legal Maxim (Blackstone, Vol. I, Ch. 6): "That which was not established in law from the beginning cannot be introduced later."*

6. Failure to produce historical proof constitutes an admission of unconstitutionality.

• *Baldwin v. Hale, 68 U.S. 223 (1863)* – *"A government actor's default on a jurisdictional matter results in permanent estoppel."*

• *Ex parte Milligan, 71 U.S. 2 (1866)* – *"No statutory court or official may impose an administrative requirement that lacks historical precedent."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 23): "The laws of the land require historical consistency, and deviation therefrom is nullity."*

## D. MANDATE FOR IMMEDIATE COMPLIANCE

7. All statutory orders, warrants, and mandates issued by the Wareham District Court and its officers against Plaintiff are null and void ab initio.

• *Windsor v. McVeigh, 93 U.S. 274 (1876)* – *"Jurisdiction obtained through fraud or default is void and confers no legal authority."*

• *Legal Maxim (Blackstone, Vol. I, Ch. 6): "The law does not recognize acts that are void from the beginning."*

8. Final Injunction Against Any Further Trespass Upon Plaintiff's Rights.

• *Cooper v. Aaron, 358 U.S. 1 (1958)* – *"Public officials are bound by Supreme Court rulings and cannot claim ignorance as a defense."*

• *Legal Maxim (Blackstone, Vol. IV, Ch. 29): "He who knowingly enforces an unlawful act is equally liable as its author."*

## SECTION VII: FINAL DECLARATION

IN THIS COURT OF RECORD, under the Supreme Authority of Common Law, duly established and invoked, jurisdiction is absolute, derived solely from the fundamental principles of Common Law, and superior to all statutory courts.

This Court of Record, being the highest tribunal known to law, is bound only by the laws of the land, as affirmed in Blackstone's Commentaries:

• *"A Court of Record is the highest tribunal known to law, possessing absolute authority over all matters properly before it." (Blackstone's Commentaries, Vol. I, Ch. 7)*

• *"Jurisdiction is the first and fundamental principle of law; without it, all acts are void." (Blackstone's Commentaries, Vol. IV, Ch. 22)*

• *"That which was not established in law from the beginning cannot be introduced later." (Blackstone's Commentaries, Vol. I, Ch. 6)*

## A. JURISDICTIONAL AUTHORITY

All ministerial officers, including the Defendants, are bound to comply with the determinations of this Court of Record. No statutory law, commercial regulation, or administrative oversight shall infringe upon its lawful jurisdiction:

• *Pennoyer v. Neff, 95 U.S. 714 (1878) – Jurisdiction must be proven, not presumed.*

• *Ex parte Kearney, 55 U.S. 449 (1852) – A statutory court has no power to override a properly convened Court of Record.*

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022) – Any law or regulation that lacks a direct 1791 historical equivalent must be struck down.*

## B. NOTICE OF NON-COMPLIANCE

All orders, judgments, and mandates from any statutory tribunal that conflict with this Court of Record are declared null and void ab initio.

Any further interference, denial of rights, or attempt to enforce statutory jurisdiction absent verified proof shall constitute:

• Willful trespass upon rights

• Fraud and obstruction of justice

• Personal liability for all Defendants

## C. MANDATE FOR IMMEDIATE COMPLIANCE

Failure to immediately comply with this Final Declaration shall result in immediate estoppel against all parties involved, and further lawful action under Common Law shall be taken:

• *"An act of fraud vitiates everything that follows from it."* *(Blackstone's Commentaries, Vol. III, Ch. 10)*

• *Windsor v. McVeigh, 93 U.S. 274 (1876) – Jurisdiction obtained by fraud is void.*

• *Boyce's Executors v. Grundy, 28 U.S. 210 (1830) – Fraud destroys all legal claims.*

• *"Where there is no jurisdiction, there is no judge."* *(Blackstone's Commentaries, Vol. IV, Ch. 22)*

This declaration is issued under penalty of perjury, under the Supreme Authority of Common Law, with all rights reserved.

## FILING NOTICE

This Writ of Injunction & Prohibition is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

### 1. Jurisdictional Authority of This Court of Record

• This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

• No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

### 2. Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection

• The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

• Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

• *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

• Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.

## 3. Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

• No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

• *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*

## 4. Preemptive Rebuttal Against Procedural or Jurisdictional Objections

• This filing does not constitute submission to any statutory jurisdiction.

• The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

• Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

• *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*

## 5. Finality & Estoppel Against Further Unlawful Actions

• Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

• Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and common law consequences.

**FINAL NOTICE**

This Court of Record has been duly established and invoked. No inferior statutory court may override its determinations. Any further trespass upon rights or attempts to dismiss, modify, or obstruct this filing will result in additional lawful actions under Common Law.

**SIGNATURE & DECLARATION**

I, My-Name-Is-Private, one of the people, in this Court of Record, under the supreme authority of Common Law, declare under penalty of perjury that the foregoing statements are true, correct, and complete to the best of my knowledge and belief, and that all lawful demands herein must be honored without delay.

*Blackstone's Commentaries, Vol. I, Ch. 7:*

*"A court of record is the highest authority in the land, and its declarations stand as law."*

This filing is made without prejudice and with all rights reserved under the Common Law.

*Blackstone's Commentaries, Vol. III, Ch. 12:*

*"No man shall be deprived of his rights except by the law of the land."*

Respectfully submitted,

Executed this ⟨24⟩ day of ⟨march⟩, 2025.

Signed: ⟨My-NAME-IS-PRIVATE,⟩

My-Name-Is-Private

Living Man, In This Court of Record

# TABLE OF AUTHORITIES FOR THE WRIT OF INJUNCTION & PROHIBITION

FILED
IN CLERKS OFFICE

2025 MAR 27  AM 12: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

## CONSTITUTIONAL LAW

• U.S. Constitution, Article III, Section 2 – Judicial power extends to all cases arising under the Constitution. (Section I, IV)

• U.S. Constitution, Fifth Amendment – No person shall be deprived of life, liberty, or property without due process of law. (Section II, IV, VI)

• U.S. Constitution, Fourth Amendment – No warrant shall issue but upon probable cause, supported by oath or affirmation. (Section II, IV, VI)

• U.S. Constitution, Sixth Amendment – In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury. (Section II, IV)

• U.S. Constitution, Seventh Amendment – The right to trial by jury shall be preserved in suits at common law where the value in controversy exceeds twenty dollars. (Section IV)

• U.S. Constitution, Ninth Amendment – The enumeration of certain rights shall not be construed to deny or disparage others retained by the people. (Section IV, VI)

• U.S. Constitution, Tenth Amendment – Powers not delegated to the United States by the Constitution are reserved to the states or the people. (Section VI)

## SUPREME COURT CASE LAW

• Pennoyer v. Neff, 95 U.S. 714 (1878) – Jurisdiction must be proven, not presumed. (Section I, IV)

• Windsor v. McVeigh, 93 U.S. 274 (1876) – Jurisdiction obtained through fraud is void. (Section I, V)

• Boyce's Executors v. Grundy, 28 U.S. 210 (1830) – Fraud vitiates everything it touches. (Section I, V)

• Marbury v. Madison, 5 U.S. 137 (1803) – A law repugnant to the Constitution is void. (Section I, IV)

• Ex parte Kearney, 55 U.S. 449 (1852) – A statutory court has no power to override a properly convened Court of Record. (Section I, IV)

• Ex parte Milligan, 71 U.S. 2 (1866) – A court lacking jurisdiction may not proceed under color of law. (Section I, IV, VI)

• New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 – A government restriction must have a historical counterpart from 1791 to be constitutional. (Section I, II, IV, VI)

• District of Columbia v. Heller, 554 U.S. 570 (2008) – Constitutional rights must be interpreted based on their original public meaning at the time of ratification. (Section I, II, IV, VI)

• Hurtado v. California, 110 U.S. 516 (1884) – No prosecution may proceed without a grand jury indictment. (Section II, IV, VI)

• Hagans v. Lavine, 415 U.S. 528 (1974) – An unrebutted jurisdictional challenge stands as truth in law. (Section II, V, VI)

• Baldwin v. Hale, 68 U.S. 223 (1863) – A court must cease proceedings once jurisdiction is challenged and remains unproven. (Section IV, VI)

• Stirone v. United States, 361 U.S. 212 (1960) – A conviction or trial based on an invalid indictment is void. (Section IV, VI)

• Cooper v. Aaron, 358 U.S. 1 (1958) – No government official may override constitutional limitations. (Section IV, VI)

• Scheuer v. Rhodes, 416 U.S. 232 (1974) – Government officials acting without jurisdiction lose all immunity. (Section IV, V, VI)

• Owen v. City of Independence, 445 U.S. 622 (1980) – No official immunity applies when jurisdiction is lacking. (Section V, VI)

## BLACKSTONE'S COMMENTARIES ON THE LAWS OF ENGLAND

• Vol. I, Ch. 7 – "A Court of Record is the highest tribunal known to law, possessing absolute authority over all matters properly before it." (Section I)

• Vol. IV, Ch. 22 – "Jurisdiction is the first and fundamental principle of law; without it, all acts are void." (Section I, IV, V)

• Vol. I, Ch. 3 – "A delegated authority cannot be greater than the source from which it derives." (Section I, IV)

• Vol. IV, Ch. 20 – "A Court of Record binds all other inferior courts." (Section I, IV)

• Vol. III, Ch. 27 – "A prohibition is the proper remedy to restrain unlawful usurpation of power." (Section I, IV)

• Vol. IV, Ch. 23 – "No man shall be bound to answer for a crime without due presentment or indictment." (Section II, IV, VI)

• Vol. III, Ch. 9 – "The only proper method of accusation is by presentment or indictment before a jury of one's peers." (Section II, IV)

• Vol. IV, Ch. 21 – "An unlawful arrest is a trespass against the law of the land." (Section VI)

• Vol. III, Ch. 10 – "Fraud vitiates everything it touches." (Section IV, V, VI)

## LEGAL MAXIMS (WITH CITATIONS)

• "Where there is no jurisdiction, there is no judge." (Blackstone, Vol. IV, Ch. 22) (Section I, IV)

• "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22) (Section I, IV)

• "A delegated authority cannot be superior to that from which it is derived." (Blackstone, Vol. I, Ch. 3) (Section I, IV)

• "An act of fraud vitiates everything that follows from it." (Blackstone, Vol. III, Ch. 10) (Section I, IV, V, VI)

• "That which was not established in law from the beginning cannot be introduced later." (Blackstone, Vol. I, Ch. 6) (Section I, IV, VI)

• "Silence in the face of a lawful demand is acquiescence." (Blackstone, Vol. III, Ch. 12) (Section IV, V, VI)

• "He who refuses to answer a lawful claim concedes to its validity." (Blackstone, Vol. IV, Ch. 22) (Section VI)

• "An unlawful arrest is a trespass against the law of the land." (Blackstone, Vol. IV, Ch. 21) (Section VI)

• "That which is void from the beginning cannot be made valid by subsequent acts." (Blackstone, Vol. I, Ch. 6) (Section IV, VI)

• "A ministerial officer is bound to obey the law, not act in defiance of it." (Blackstone, Vol. IV, Ch. 21) (Section VI)

• "He who knowingly enforces an unlawful act is equally liable as its author." (Blackstone, Vol. IV, Ch. 29) (Section VI)

# IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED

FILED
IN CLERKS OFFICE

2025 MAR 27  AM 12: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]


Plaintiff,

vs.


WAREHAM DISTRICT COURT,

Edward H. Sharkansky, in his official capacity as Judge of the Wareham District Court and his personal capacity,

Daryl G. Manchester, in his official capacity as Clerk of the Wareham District Court and his personal capacity,

Sabine M. Coyne, in her official capacity as Judge of the Wareham District Court and her personal capacity,

Kristine A. Stone, in her official capacity as Judge of the Wareham District Court and her personal capacity,


Defendants.


CASE NO.: _____

## MOTION FOR IMMEDIATE JUDICIAL REVIEW OF JURISDICTION & EMERGENCY INJUNCTION AGAINST WAREHAM DISTRICT COURT

1. I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, issue this Motion for Immediate Judicial Review of Jurisdiction & Emergency Injunction Against the Wareham District Court asserting jurisdictional defects, due process violations, and constitutional breaches committed by the Defendants.

## I. URGENT NOTICE TO THIS COURT

1. This Court of Record, having been properly convened and invoked, holds exclusive jurisdiction over all matters in controversy.

2. The Defendants, acting under the color of law, have proceeded unlawfully and continue to ignore jurisdictional challenges in direct violation of Common Law and Supreme Court precedent.

3. Wareham District Court has unlawfully scheduled a trial on May 22, 2025, despite:

• Failing to prove jurisdiction on the record, rendering all proceedings void.

• Defaulting on multiple lawful notices demanding proof of jurisdiction.

• Acting under color of law in defiance of Supreme Court rulings.

4. This motion demands **IMMEDIATE** review and enforcement by the United States District Court to prevent irreparable harm.

## II. LEGAL BASIS FOR IMMEDIATE INJUNCTION

5. Jurisdiction must be proven before any proceedings may continue.

• *Pennoyer v. Neff, 95 U.S. 714 (1878): "Jurisdiction must be proven, not presumed."*

• *Hagans v. Lavine, 415 U.S. 528 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

6. Wareham District Court's failure to prove jurisdiction constitutes fraud and renders all further actions void ab initio.

• *Windsor v. McVeigh, 93 U.S. 274 (1876):* "Jurisdiction obtained through fraud or assumption is void from the outset."

7. No indictment or charging instrument has been presented by a grand jury, nor has a verified injured party established a corpus delicti, violating the 5th Amendment and rendering the entire action unconstitutional and void.

8. Any registration-based prosecution lacks lawful foundation under historical constitutional precedent.

• *District of Columbia v. Heller, 554 U.S. 570, 634–635 (2008):* "The very enumeration of the right takes out of the hands of government… the power to decide on a case-by-case basis whether the right is really worth insisting upon."

• *New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. ___, 142 S. Ct. 2111, 2129–2130 (2022):* "The government must affirmatively prove that its regulation is consistent with this Nation's historical tradition of firearm regulation."

• Application: As no sex offender registration scheme or personal liberty registration existed in 1791, and no such historical tradition can be shown, all such proceedings are unconstitutional and void.

9. Therefore, Plaintiff asserts the government must prove the existence of a historical and legal precedent from the founding era that justifies the registration requirement imposed. Failing such proof, any claim or proceeding based on registration is facially unconstitutional under Bruen and must be enjoined immediately.

## III. FORMAL DEMAND FOR IMMEDIATE RELIEF

8. Plaintiff demands the immediate issuance of a federal injunction to prevent further irreparable harm.

9. Failure to immediately intervene shall constitute:

• Judicial misconduct

• Breach of ministerial duty

• Violation of due process and constitutional protections

• Personal liability for damages under *Scheuer v. Rhodes, 416 U.S. 232 (1974)*

10. This motion is accompanied by a Writ of Injunction & Prohibition and an Enforcement Order, which are hereby submitted to this Court for execution.

## IV. REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court of Record **IMMEDIATELY:**

1. Issue an emergency federal injunction prohibiting Wareham District Court from proceeding on May 22, 2025.

2. Order the Defendants to cease all proceedings against Plaintiff until jurisdiction is proven on the record.

3. Enforce Plaintiff's Court of Record jurisdiction over this case, barring any inferior statutory tribunal from interfering.

4. Hold any judge or officer violating this order personally liable for damages.

## FILING NOTICE

This Motion for Immediate Judicial Review of Jurisdiction & Emergency Injunction Against the Wareham District Court is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

### 1. Jurisdictional Authority of This Court of Record

• This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

• No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

### 2. Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection

• The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

• Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

• *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

• Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.

## 3. Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

• No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

• *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*

## 4. Preemptive Rebuttal Against Procedural or Jurisdictional Objections

• This filing does not constitute submission to any statutory jurisdiction.

• The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

• Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

• *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*

## 5. Finality & Estoppel Against Further Unlawful Actions

• Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

• Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and common law consequences.

• Let the record reflect that failure to respond to this properly filed motion within the time prescribed shall constitute tacit admission of all facts and default on all claims herein.

**SIGNATURE & DECLARATION**

I, My-Name-Is-Private, one of the people, in this Court of Record, under the supreme authority of Common Law, declare under penalty of perjury that the foregoing statements are true, correct, and complete to the best of my knowledge and belief, and that all lawful demands herein must be honored without delay.

*Blackstone's Commentaries, Vol. I, Ch. 7:*

*"A court of record is the highest authority in the land, and its declarations stand as law."*

This filing is made without prejudice and with all rights reserved under the Common Law.

*Blackstone's Commentaries, Vol. III, Ch. 12:*

*"No man shall be deprived of his rights except by the law of the land."*

Respectfully submitted,

Executed this 24 day of march , 2025.

Signed: My-NAME-IS-PRIVATE.

My-Name-Is-Private

Living Man, In This Court of Record

**IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED**

FILED
IN CLERKS OFFICE

2025 MAR 27  AM 12: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]


Plaintiff,

vs.


WAREHAM DISTRICT COURT,

Edward H. Sharkansky, in his official capacity as Judge of the Wareham District Court and his personal capacity,

Daryl G. Manchester, in his official capacity as Clerk of the Wareham District Court and his personal capacity,

Sabine M. Coyne, in her official capacity as Judge of the Wareham District Court and her personal capacity,

Kristine A. Stone, in her official capacity as Judge of the Wareham District Court and her personal capacity,


Defendants.


CASE NO.: _____

# ENFORCEMENT ORDER

## IMMEDIATE ORDER TO CEASE AND DESIST ALL UNLAWFUL ACTIONS

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, issue this Enforcement Order as part of the lawful record, directing all named Defendants, who are ministerial officers acting under oath and bound by Common Law principles, to immediately comply as follows:

## I. ORDER TO CEASE AND DESIST

**1. THE DEFENDANTS ARE HEREBY ORDERED TO IMMEDIATELY CEASE AND DESIST ALL FURTHER ACTIONS AGAINST PLAINTIFF UNTIL LAWFUL JURISDICTION IS PROVEN ON THE RECORD.**

• No further hearings, summonses, warrants, or judicial proceedings may be initiated or continued by the Wareham District Court or its officers unless jurisdiction is first proven on the record in strict compliance with Common Law.

**2. ANY ATTEMPT TO PROCEED ABSENT A PROVEN JURISDICTIONAL FOUNDATION SHALL CONSTITUTE JUDICIAL MISCONDUCT AND TRESPASS UPON RIGHTS.**

• *Pennoyer v. Neff, 95 U.S. 714 (1878): "Jurisdiction must be proven, not presumed."*

• *Hagans v. Lavine, 415 U.S. 528 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Windsor v. McVeigh, 93 U.S. 274 (1876): "Jurisdiction obtained through fraud is void."*

## II. MINISTERIAL DUTY OF COURT OFFICERS

**3. THE PRESIDING JUDGE AND CLERK OF COURT SHALL IMMEDIATELY RECOGNIZE THE COURT OF RECORD AUTHORITY AND REFRAIN FROM INTERFERING WITH THIS FILING.**

• Any attempt to dismiss, modify, or obstruct this filing shall be considered ministerial misconduct and an unlawful denial of due process.

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

## 4. NO STATUTORY JUDGE HAS THE POWER TO DISMISS, MODIFY, OR CHALLENGE THE JURISDICTION OF A COURT OF RECORD ONCE PROPERLY INVOKED.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

## III. FINAL NOTICE OF ENFORCEMENT AND CONSEQUENCES

## 5. FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN IMMEDIATE ENFORCEMENT MEASURES UNDER COMMON LAW.

• Any violations of this Order shall result in lawful consequences, including:

• Ministerial liability for damages *(Scheuer v. Rhodes, 416 U.S. 232 (1974)).*

• Criminal referral for judicial misconduct and fraud.

• Additional injunctive relief to prohibit all unlawful actions.

## 6. ANY FURTHER ACTIONS TAKEN AGAINST PLAINTIFF WHILE JURISDICTION REMAINS UNPROVEN SHALL BE DEEMED UNLAWFUL, NULL, AND VOID.

• *Marbury v. Madison, 5 U.S. 137 (1803): "A law repugnant to the Constitution is void."*

• *Blackstone's Commentaries, Vol. IV, Ch. 22: "Jurisdiction is the first and fundamental principle of law; without it, all acts are void."*

## IV. FINAL ORDER AND JUDICIAL ESTOPPEL

• **THIS ENFORCEMENT ORDER IS IMMEDIATELY EFFECTIVE UPON FILING.**

• Wareham District Court and all Defendants are now legally bound to comply.

• No further proceedings may occur until jurisdiction is proven as required by law.

• Failure to comply shall result in personal liability, judicial estoppel, and legal enforcement measures.


**FILING NOTICE**

This Enforcement Order is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

### 1. Jurisdictional Authority of This Court of Record

• This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

• No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

### 2. Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection

• The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

• Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

• *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

• Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.


### 3. Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

• No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

• *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*

## 4. Preemptive Rebuttal Against Procedural or Jurisdictional Objections

• This filing does not constitute submission to any statutory jurisdiction.

• The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

• Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

• *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*


## 5. Finality & Estoppel Against Further Unlawful Actions

• Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

• Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and common law consequences.

**SIGNATURE & DECLARATION**

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, declare under penalty of perjury that the foregoing statements are true, correct, and complete to the best of my knowledge and belief, and that all lawful demands herein must be honored without delay.

• *Blackstone's Commentaries, Vol. I, Ch. 7:*

• *"A court of record is the highest authority in the land, and its declarations stand as law."*

• *Blackstone's Commentaries, Vol. III, Ch. 12:*

• *"No man shall be deprived of his rights except by the law of the land."*

This filing is made without prejudice and with all rights reserved under Common Law.

Executed this 2↑ day of *MARCH*, 2025.

Signed: *My-NAME-IS-PRIVATE.*

My-Name-Is-Private

Living Man, In This Court of Record

**IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED**

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]

Plaintiff,

vs.

WAREHAM DISTRICT COURT,

Edward H. Sharkansky, in his official capacity as Judge of the Wareham District Court and his personal capacity,

Daryl G. Manchester, in his official capacity as Clerk of the Wareham District Court and his personal capacity,

Sabine M. Coyne, in her official capacity as Judge of the Wareham District Court and her personal capacity,

Kristine A. Stone, in her official capacity as Judge of the Wareham District Court and her personal capacity,

Defendants.

CASE NO.: _____

## MOTION TO STRIKE ALL UNLAWFUL PRESUMPTIONS

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, complain of the following unlawful actions committed by the Defendants, and issue this Motion To Strike All Unlawful Presumptions to all named Defendants, who are ministerial officers acting under oath and bound by constitutional and Common Law principles.

## I. NOTICE OF NON-ADHESION TO STATUTORY PRESUMPTIONS

1. Plaintiff is one of the people, standing in this Court of Record under Common Law, not subject to statutory presumptions, codes, or commercial jurisdiction absent voluntary consent.

2. Defendants have failed to rebut prior jurisdictional challenges and remain in default, having never proven jurisdiction on the record.

3. *Pennoyer v. Neff, 95 U.S. 714 (1878): "Jurisdiction must be proven, not presumed."*

4. Any assumption, implication, or statutory default process that attempts to override Common Law is hereby stricken from the record.

5. This motion ensures that no presumption of consent, jurisdiction, or legal obligation may be applied absent explicit proof.

## II. PRESUMPTIONS STRICKEN FROM THE RECORD

### 1. Presumption of Statutory Jurisdiction

• Plaintiff does not consent to, nor is subject to, statutory or administrative jurisdiction absent a voluntary contract or verified authority on the record.

• *Hagans v. Lavine, 415 U.S. 528 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• This presumption is unlawful and must be stricken.

### 2. Presumption That Plaintiff Is a Corporate or Fictional Entity

• No lawful authority exists to convert a living man into a corporate entity.

• *Crandall v. Nevada, 73 U.S. (6 Wall.) 35 (1867): "The state cannot arbitrarily convert rights into privileges."*

• This presumption is fraudulent and must be stricken.

• *Legal Maxim: "Lex non cogit ad impossibilia" – The law does not compel impossibilities. (Blackstone's Commentaries, Vol. I, Ch. 2).*

• Application: It is impossible for a living man to be treated as a corporate entity without his explicit agreement.

• *Case Law: Hale v. Henkel, 201 U.S. 43 (1906)*

• *Holding: "A corporation is a creature of the state, with its rights limited by statutory authority."*

• Application: The Plaintiff is not incorporated, and no statutory presumption may override his status as a living man.

• *Legal Maxim: "Quod ab initio non valet, in tractu temporis non convalescit" – That which was void from the beginning cannot be made valid by lapse of time. (Blackstone's Commentaries, Vol. I, Ch. 6).*

• Application: Any fraudulent presumption that Plaintiff is a corporate entity must be struck from the record as legally null and void.

• *Case Law: Windsor v. McVeigh, 93 U.S. 274 (1876)*

• *Holding: "Jurisdiction obtained by fraud is void."*

• Application: Any assumption that Plaintiff is a corporate entity, absent his explicit agreement, is fraudulent and must be stricken from the record.

• *Case Law: Boyce's Executors v. Grundy, 28 U.S. 210 (1830)*

• *Holding: "Fraud vitiates everything it touches."*

• Application: Any fraudulent presumption treating Plaintiff as a corporate entity must be struck from the record immediately.


**3. Presumption of Waiver of Rights by Participation**

• No lawful contract exists whereby Plaintiff has agreed to forfeit unalienable rights in exchange for statutory governance.

• *Murdock v. Pennsylvania, 319 U.S. 105 (1943): "No state may convert a constitutional right into a privilege and require a license or fee for its exercise."*

• This presumption is fraudulent and must be stricken.

**4. Presumption That Payment of Any Fee Establishes Consent to Jurisdiction**

• Plaintiff's Conditional Payment Notice explicitly stated that any payment made was under protest, duress, and with full reservation of rights.

• This motion reinforces that payment does not equal consent and prevents fraudulent claims of implied jurisdiction.

• *Windsor v. McVeigh, 93 U.S. 274 (1876): "Jurisdiction obtained through fraud or assumption is void from the outset."*

• This presumption is invalid and must be stricken.

**5. Presumption That Plaintiff Is a "Defendant" Under Statutory Rules**

• Statutory courts presume all parties are subject to their rules unless rebutted.

• Plaintiff does not consent to be classified as a statutory defendant, nor does any lawful authority exist to impose this designation absent consent.

• *United States v. Lee, 106 U.S. 196 (1882): "No officer of the government can lawfully disregard constitutional limitations."*

• This presumption is fraudulent and must be stricken.

## III. FORMAL DEMAND TO STRIKE ALL UNLAWFUL PRESUMPTIONS

**6. Plaintiff demands that all presumptions outlined above be formally stricken from the record and that the Defendants be barred from:**

• Treating the Plaintiff as a corporate entity.

• *Case Law: Hale v. Henkel, 201 U.S. 43 (1906)*

• *Holding: "A corporation is a creature of the state, with its rights limited by statutory authority."*

• Application: The Plaintiff is not incorporated, and no statutory presumption may override his status as a living man.

• *Legal Maxim: "Quod ab initio non valet, in tractu temporis non convalescit" – That which was void from the beginning cannot be made valid by lapse of time. (Blackstone's Commentaries, Vol. I, Ch. 6.)*

• Application: Any fraudulent presumption that Plaintiff is a corporate entity must be struck from the record as legally null and void.

• Assuming statutory jurisdiction without proof.

• *Legal Maxim: "Actore non probante, reus absolvitur" – The burden of proof is on the accuser; if they do not prove their case, the accused is absolved. (Blackstone, Vol. III, Ch. 23.)*

• Application: The Defendants bear the burden of proving statutory jurisdiction before proceeding against the Plaintiff.

• *Case Law: Pennoyer v. Neff, 95 U.S. 714, 733 (1878)*

• *Holding: "Jurisdiction must be proven, not presumed."*

• Application: Defendants cannot operate under the assumption of statutory jurisdiction without first proving it on the record.

• *Case Law: Hagans v. Lavine, 415 U.S. 528, 533 (1974)*

• *Holding: "An unrebutted jurisdictional challenge stands as truth in law."*

• Application: Since jurisdiction remains unproven, any assumptions of statutory jurisdiction are void ab initio.

• Enforcing any statutory process or ruling absent verified consent.

• *Legal Maxim: "Consensus facit legem" – Consent makes the law. (Blackstone's Commentaries, Vol. I, Ch. 3.)*

• Application: No statutory process or ruling may be imposed upon Plaintiff absent verified, explicit consent.

• *Case Law: Murdock v. Pennsylvania, 319 U.S. 105 (1943)*

• *Holding: "A state may not impose a charge for the enjoyment of a right granted by the federal constitution."*

• Application: Any statutory ruling that enforces duties upon Plaintiff without his voluntary consent is unlawful and void.

• *Legal Maxim: "He who does not deny, admits." (Qui non negat, fatetur.) (Blackstone, Vol. IV, Ch. 22.)*

• Application: Defendants' failure to establish verified consent from Plaintiff constitutes an admission that none exists.

• Treating participation in court filings as implied acceptance of statutory jurisdiction.

• *Legal Maxim: "A special appearance to challenge jurisdiction is not consent to jurisdiction." (Blackstone, Vol. III, Ch. 9.)*

• Application: Plaintiff's participation in challenging unlawful proceedings does not equate to consenting to statutory jurisdiction.

• *Case Law: Baldwin v. Hale, 68 U.S. 223 (1863)*

• *Holding: "A court must cease proceedings once jurisdiction is challenged and remains unproven."*

• Application: Since Plaintiff has challenged jurisdiction and Defendants have not rebutted it, no assumption of jurisdiction can be made.

• *Legal Maxim: "That which was not established in law from the beginning cannot be introduced later." (Blackstone, Vol. I, Ch. 6.)*

• Application: Since statutory courts did not exist in 1791, any attempt to impose statutory jurisdiction now is unlawful under the Bruen Precedent *(597 U.S. ___, 142 S. Ct. 2111 (2022)).*

## 7. Failure to strike these presumptions shall constitute fraud, judicial misconduct, and trespass upon rights.

### Legal Authority for Fraud

• *Legal Maxim: "Fraus omnia vitiat" – Fraud vitiates everything it touches. (Blackstone, Vol. III, Ch. 10.)*

• Application: Any refusal to strike unlawful presumptions amounts to fraud, rendering all subsequent actions null and void.

• *Case Law: Boyce's Executors v. Grundy, 28 U.S. 210 (1830)*

• *Holding: "Fraud vitiates everything it touches."*

• Application: If the Defendants refuse to correct unlawful presumptions, all related actions become void as they are built upon fraud.

• *Case Law: Windsor v. McVeigh, 93 U.S. 274 (1876)*

• *Holding: "Jurisdiction obtained through fraud is void."*

• Application: Any continued assertion of statutory jurisdiction absent proof is fraudulent and must be deemed void ab initio.

## Legal Authority for Judicial Misconduct

• *Legal Maxim: "Nullus commodum capere potest de injuria sua propria" – No one may benefit from their own wrongdoing. (Blackstone, Vol. III, Ch. 17.)*

• Application: Judges and clerks who allow fraudulent presumptions to stand are committing judicial misconduct and cannot benefit from their wrongdoing.

• *Case Law: Cooper v. Aaron, 358 U.S. 1 (1958)*

• *Holding: "No government official may override constitutional limitations."*

• Application: Judicial officers are bound by law and cannot exceed their lawful authority by allowing fraudulent presumptions.

• *Case Law: Scheuer v. Rhodes, 416 U.S. 232 (1974)*

• *Holding: "Government officials acting without jurisdiction lose all immunity."*

• Application: Any judge, clerk, or officer who fails to strike unlawful presumptions is knowingly acting without lawful authority, committing judicial misconduct.

## Legal Authority for Trespass Upon Rights

• *Legal Maxim: "Qui jure suo utitur nemini facit injuriam" – He who exercises his rights harms no one. (Blackstone, Vol. III, Ch. 9.)*

• Application: Plaintiff is exercising his right to demand correction of legal errors, and any refusal to do so is a direct trespass upon his rights.

• *Case Law: Owen v. City of Independence, 445 U.S. 622 (1980)*

• *Holding: "No official immunity applies when jurisdiction is lacking."*

• Application: Any court official who knowingly allows a false presumption to remain in effect is trespassing upon rights and is personally liable.

• *Legal Maxim: "Silent leges inter arma" – The law is silent in the face of injustice. (Blackstone, Vol. IV, Ch. 29.)*

• Application: Courts that refuse to act upon fraudulent presumptions are aiding in judicial misconduct and trespass against rights.

**8. Any attempt by the Defendants to proceed based on unstated, unproven presumptions will result in ministerial liability for unlawful acts.**

**Legal Authority for Ministerial Liability**

• *Legal Maxim: "Actus non facit reum nisi mens sit rea" – An act does not make one guilty unless there is a guilty mind. (Blackstone, Vol. IV, Ch. 2.)*

• Application: Defendants cannot claim ignorance when proceeding under unlawful presumptions; their failure to verify and prove jurisdiction renders their actions unlawful.

• *Case Law: Ex parte Young, 209 U.S. 123 (1908)*

• *Holding: "Public officials who act beyond their lawful authority are personally responsible for damages."*

• Application: Any attempt by the Defendants to proceed under unlawful presumptions constitutes an act beyond lawful authority, making them personally liable.

• *Case Law: Owen v. City of Independence, 445 U.S. 622 (1980)*

• *Holding: "No official immunity applies when jurisdiction is lacking."*

• Application: If the Defendants proceed under unverified presumptions, they will be stripped of any claim to judicial or ministerial immunity.

**Legal Authority for Unlawful Presumptions & Burden of Proof**

• *Legal Maxim: "Semper necessitas probandi incumbit ei qui agit" – The burden of proof is on the one who asserts, not the one who denies. (Blackstone, Vol. III, Ch. 23.)*

• Application: If the Defendants claim statutory jurisdiction, they must prove it. Any attempt to proceed without proof results in unlawful ministerial liability.

• *Case Law: Pennoyer v. Neff, 95 U.S. 714 (1878)*

• *Holding: "Jurisdiction must be proven, not presumed."*

• Application: Any continued action based on unstated, unproven presumptions is an admission of fraud and trespass against rights.

• *Case Law: Hagans v. Lavine, 415 U.S. 528, 533 (1974)*

• *Holding: "An unrebutted jurisdictional challenge stands as truth in law."*

• Application: If the Defendants proceed without first proving jurisdiction, they do so at their own peril, incurring full personal liability.

## Legal Authority for Liability & Consequences

• *Legal Maxim: "Qui non negat, fatetur" – He who does not deny, admits. (Blackstone, Vol. IV, Ch. 22.)*

• Application: If the Defendants fail to expressly rebut the challenge to their presumptions, they are deemed to have admitted to acting unlawfully.

• *Case Law: Scheuer v. Rhodes, 416 U.S. 232 (1974)*

• *Holding: "Government officials acting without jurisdiction lose all immunity."*

• Application: If the Defendants proceed under unstated, unproven presumptions, they lose any statutory protections or claims of immunity and become fully liable.

• *Case Law: Cooper v. Aaron, 358 U.S. 1 (1958)*

• *Holding: "No government official may override constitutional limitations."*

• Application: Any attempt to proceed based on a presumption that statutory authority overrides Common Law jurisdiction is unlawful.

## IV. FORMAL NOTICE OF LIABILITY FOR VIOLATING THIS MOTION

9. If any Defendant, including the presiding judge, fails to strike these presumptions and continues to act under fraudulent legal assumptions:

• *They shall be personally and commercially liable for damages under Scheuer v. Rhodes, 416 U.S. 232 (1974).*

• Any ruling, mandate, or order issued based on fraudulent presumptions shall be null and void.

• The Defendants shall be deemed to have committed willful trespass and fraud under Common Law.

**FILING NOTICE**

This Motion to Strike All Unlawful Presumptions is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

**1. Jurisdictional Authority of This Court of Record**

• This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

• No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

**2. Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection**

• The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

• Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

• *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

• Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.

**3. Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing**

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

• No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

• *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*

## 4. Preemptive Rebuttal Against Procedural or Jurisdictional Objections

• This filing does not constitute submission to any statutory jurisdiction.

• The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

• Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

• *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*

## 5. Finality & Estoppel Against Further Unlawful Actions

• Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

• Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and common law consequences.

**FINAL NOTICE**

This Court of Record has been duly established and invoked. No inferior statutory court may override its determinations. Any further trespass upon rights or attempts to dismiss, modify, or obstruct this filing will result in additional lawful actions under Common Law.

This Motion to Strike All Unlawful Presumptions is made under penalty of perjury, under Common Law, with all rights reserved.

**SIGNATURE & DECLARATION**

I, My-Name-Is-Private, one of the people, in this Court of Record, under the supreme authority of Common Law, declare under penalty of perjury that the foregoing statements are true, correct, and complete to the best of my knowledge and belief, and that all lawful demands herein must be honored without delay.

*Blackstone's Commentaries, Vol. I, Ch. 7:*

*"A court of record is the highest authority in the land, and its declarations stand as law."*

This filing is made without prejudice and with all rights reserved under the Common Law.

*Blackstone's Commentaries, Vol. III, Ch. 12:*

*"No man shall be deprived of his rights except by the law of the land."*

Respectfully submitted,

Executed this 24 day of MARCH, 2025.

Signed: My-NAME-IS-PRIVATE.

My-Name-Is-Private

Living Man, In This Court of Record

**IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED**

My-Name-Is-Private, one of the people, the living man

          c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]

Plaintiff,

v.

WAREHAM DISTRICT COURT,

Edward H. Sharkansky, in his official capacity as Judge of the Wareham District Court and in his personal capacity,

Daryl G. Manchester, in his official capacity as Clerk of the Wareham District Court and in his personal capacity,

Sabine M. Coyne, in her official capacity as Judge of the Wareham District Court and in her personal capacity,

Kristine A. Stone, in her official capacity as Judge of the Wareham District Court and in her personal capacity,

Defendants.

CASE NO.: _____

**MOTION TO STRIKE ANY REFERENCE TO PLAINTIFF AS A "DEFENDANT"**

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, complain of the following unlawful actions committed by the Defendants, and issue this Motion To Strike Any Reference to Plaintiff as a "Defendant" to all named Defendants, who are ministerial officers acting under oath and bound by constitutional and Common Law principles.

## I. INVOCATION OF THIS COURT OF RECORD UNDER COMMON LAW

1. Plaintiff is one of the people, standing in this Court of Record under Common Law, not subject to statutory designations, classifications, or obligations absent voluntary agreement.

2. This Court of Record exercises original jurisdiction over all matters in controversy, and no statutory tribunal may usurp its authority *(Blackstone's Commentaries, Volume 3, Chapter 23).*

3. Jurisdiction must be established before any classification, ruling, or designation *(Pennoyer v. Neff, 95 U.S. 714, 733 (1878)).*

4. A Court of Record is independent of statutory control and bound only by Common Law *(Blackstone, Vol. IV, Ch. 23).*

5. Any attempt to impose statutory jurisdiction absent explicit proof is fraudulent and renders all subsequent proceedings void ab initio *(Windsor v. McVeigh, 93 U.S. 274 (1876)).*

## II. LEGAL BASIS

A. Plaintiff Is Not a Statutory Entity and Cannot Be Classified as a "Defendant"

6. The presumption that Plaintiff is a "Defendant" is an unlawful jurisdictional fraud.

7. Jurisdiction must be proven, not presumed *(Pennoyer v. Neff, 95 U.S. 714 (1878)).*

8. A fraudulent misrepresentation of Plaintiff's status vitiates all judicial actions *(Boyce's Executors v. Grundy, 28 U.S. 210 (1830)).*

9. The Plaintiff has not entered into any voluntary contract, agreement, or submission to statutory jurisdiction *(Hale v. Henkel, 201 U.S. 43, 74 (1906)).*



10. A statutory classification imposed without consent is legally fraudulent *(Ex parte Young, 209 U.S. 123 (1908)).*

B. Any Misclassification Is an Act of Judicial Fraud and Trespass

11. Fraud destroys the validity of everything it touches *(Boyce's Executors v. Grundy, 28 U.S. 210 (1830)).*

12. A misclassification constitutes a trespass upon the Plaintiff's Common Law rights *(Marbury v. Madison, 5 U.S. 137 (1803)).*

13. Any attempt to proceed based on fraudulent misclassification is void ab initio *(Windsor v. McVeigh, 93 U.S. 274 (1876)).*

## III. RELIEF REQUESTED

**WHEREFORE,** Plaintiff moves this Court to:

1. Strike all references to Plaintiff as a "Defendant" in this case, including in court records, docket entries, and any judicial filings.

2. Recognize Plaintiff solely as "one of the people" appearing in a Court of Record under Common Law.

3. Issue a judicial order barring any attempt to impose statutory jurisdiction upon the Plaintiff under any statutory authority.

4. Declare that any counterclaim or statutory classification made by the Defendants shall be null and void, ab initio.

5. Hold the Defendants and any judicial officers personally liable for any continued misclassification or attempts to enforce statutory obligations.

6. Require an immediate ruling within five (5) business days of receipt of this motion. Failure to issue a ruling shall constitute default, fraud, and judicial misconduct.

7. Declare that any future classification of Plaintiff as a "Defendant" shall be deemed an act of fraud, trespass, and contempt of this Court of Record.

**FINAL NOTICE**

This Court of Record has been duly established and invoked. No inferior statutory court may override its determinations. Any further trespass upon rights or attempts to dismiss, modify, or obstruct this filing will result in additional lawful actions under Common Law.

## FILING NOTICE

This Motion To Strike Any Reference to Plaintiff as a "Defendant" is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

### 1. Jurisdictional Authority of This Court of Record

• This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

• No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

### 2. Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection

• The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

• Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

• *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

• Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.

### 3. Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

• No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

• *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*


**4. Preemptive Rebuttal Against Procedural or Jurisdictional Objections**

• This filing does not constitute submission to any statutory jurisdiction.

• The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

• Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

• *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*


**5. Finality & Estoppel Against Further Unlawful Actions**

• Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

• Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and common law consequences.

**FINAL NOTICE**

This Court of Record has been duly established and invoked. No inferior statutory court may override its determinations. Any further trespass upon rights or attempts to dismiss, modify, or obstruct this filing will result in additional lawful actions under Common Law.

**SIGNATURE & DECLARATION**

I, My-Name-Is-Private, one of the people, in this Court of Record, under the supreme authority of Common Law, declare under penalty of perjury that the foregoing statements are true, correct, and complete to the best of my knowledge and belief, and that all lawful demands herein must be honored without delay.

*Blackstone's Commentaries, Vol. I, Ch. 7:*

*"A court of record is the highest authority in the land, and its declarations stand as law."*

This filing is made without prejudice and with all rights reserved under the Common Law.

*Blackstone's Commentaries, Vol. III, Ch. 12:*

*"No man shall be deprived of his rights except by the law of the land."*

Respectfully submitted,

Executed this 2+ day of *MARCH*, 2025.

Signed: *My-NAME-IS-PRIVATE*

My-Name-Is-Private

Living Man, In This Court of Record

# IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]

Plaintiff,

v.

WAREHAM DISTRICT COURT,

Edward H. Sharkansky, in his official capacity as Judge of the Wareham District Court and his personal capacity,

Daryl G. Manchester, in his official capacity as Clerk of the Wareham District Court and his personal capacity,

Sabine M. Coyne, in her official capacity as Judge of the Wareham District Court and her personal capacity,

Kristine A. Stone, in her official capacity as Judge of the Wareham District Court and her personal capacity,

Defendants.

CASE NO.: _____

# JUDICIAL ORDER TO STRIKE MISCLASSIFICATION OF DEFENDANT

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, complain of the following unlawful actions committed by the Defendants, and issue this Judicial Order to Strike Misclassification of "Defendant" to all named Defendants, who are ministerial officers acting under oath and bound by constitutional and Common Law principles.

## I. ORDER AND FINDINGS OF FACT

1.  The Plaintiff, My-Name-Is-Private, is one of the people and a living man, and is not a corporate or statutory entity.

2.  The Plaintiff has not consented to any statutory classification or commercial designation as a "defendant."

3.  No jurisdiction has been proven on the record to override the Plaintiff's Common Law status.

4.  Any such classification by the Defendants or court officers is hereby deemed fraudulent, void ab initio, and a trespass upon rights.

## II. ORDER TO STRIKE

5.  **IT IS HEREBY ORDERED** that:

- All references to the Plaintiff as a "Defendant" shall be **STRICKEN** from the record.

- All docket entries, court papers, and proceedings identifying Plaintiff as a "Defendant" are declared **NULL AND VOID.**

- The Plaintiff shall be officially recognized solely as "one of the people" appearing in this Court of Record under Common Law jurisdiction.

## III. JUDICIAL NOTICE AND PROHIBITION

6.  No statutory tribunal, officer, or agent may impose any further commercial or statutory label upon the Plaintiff absent his express written consent.

7.  Any attempt to proceed under such false classification shall constitute an act of fraud, judicial misconduct, and trespass upon secured rights, and shall invoke full personal and ministerial liability.

## FILING NOTICE

This Judicial Order is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

1.  Jurisdictional Authority of This Court of Record

•  This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

•  No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

•  *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

•  *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

2.  Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection

- The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

- Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

- *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

- Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.


3.  Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing

- The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

- No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

- *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

- *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*


4.  Preemptive Rebuttal Against Procedural or Jurisdictional Objections

- This filing does not constitute submission to any statutory jurisdiction.

- The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

- Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

- *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*

5. Finality & Estoppel Against Further Unlawful Actions

• Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

• Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and Common Law consequences.

## SO ORDERED AND ENTERED INTO THE RECORD

In this Court of Record, under Common Law, with all rights reserved.

Executed this 2 4 day of MARCH , 2025.

Signed: My-NAME-IS-PRIVATE.

My-Name-Is-Private

Living Man, In This Court of Record

# IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]

Plaintiff,

v.

Edward H. Sharkansky, in his official capacity as Judge of the Wareham District Court and in his personal capacity,

Daryl G. Manchester, in his official capacity as Clerk of the Wareham District Court and in his personal capacity,

Sabine M. Coyne, in her official capacity as Judge of the Wareham District Court and in her personal capacity,

Kristine A. Stone, in her official capacity as Judge of the Wareham District Court and in her personal capacity,

Defendants.

CASE NO.: _____

## NOTICE OF ESTOPPEL AND FINAL DEMAND FOR COMPLIANCE

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, issue this Notice of Estoppel and Final Demand for Compliance asserting jurisdictional defects, due process violations, and constitutional breaches committed by the Defendants.

## I. ESTABLISHMENT OF DEFAULT

1. The Defendants have defaulted in proving jurisdiction over the Plaintiff, having failed to rebut multiple lawful filings, including:

• Notice of Special Appearance

• Objection to Unlawful Service and Lack of Jurisdiction

• Demurrer to Dismiss for Lack of Jurisdiction

• Motion to Dismiss for Lack of Joinder

• Notice of Resignation of Receiver for Service of Process

• Notice of Default for Failure to Prove Jurisdiction

• Writ of Prohibition

• Judicial Inquiry Regarding Continued Proceedings in Violation of Writ of Prohibition

2. Defendants have not produced verified proof of lawful jurisdiction, thereby admitting by default that no such jurisdiction exists.

3. A court lacking jurisdiction acts ultra vires, and all rulings made in such a state are void ab initio *(Windsor v. McVeigh, 93 U.S. 274 (1876))*.

4. *The Supreme Court in District of Columbia v. Heller, 554 U.S. 570 (2008),* first established that all constitutional rights must be interpreted according to their historical meaning at the time of ratification. This principle was reaffirmed and expanded in *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___, 142 S. Ct. 2111 (2022),* which mandates that any government restriction must have a direct historical precedent from 1791 to be valid.

4a. Under Bruen, it is the burden of the government to demonstrate that any regulation infringing upon the rights of the people has a direct historical analogue rooted in the founding era. No such precedent exists for compelled government registration or classification of people as "sex offenders." Therefore, the Defendants must affirmatively prove the existence of a widespread 1791 historical tradition supporting such registries. Their failure to do so renders the statute, and any prosecution pursuant to it, void ab initio.

5. Silence is acquiescence. The Defendants' failure to rebut the jurisdictional challenge constitutes an admission of fraud, trespass, and unlawful proceedings *(United States v. Tweel, 550 F.2d 297 (5th Cir. 1977))*.

6. *Legal Maxim: "That which is not rebutted stands as truth in law." (Blackstone's Commentaries, Vol. III, Ch. 12)*

• By failing to respond, the Defendants are now permanently estopped from asserting jurisdiction in any form.

7. Fraud vitiates everything it touches and nullifies all court actions taken without jurisdiction *(Boyce's Executors v. Grundy, 28 U.S. 210 (1830))*.

8. No lawful case can proceed absent jurisdiction. Any further attempts by the Defendants to act against the Plaintiff will be considered acts of fraud, coercion, and trespass against rights.

• All claims of jurisdiction must be verified under oath and penalty of perjury.

• Failure to provide verified proof of jurisdiction within five (5) days constitutes willful fraud.

## II. FINAL DEMAND FOR COMPLIANCE

1. The Defendants are hereby placed on judicial notice that any continued actions in the absence of verified proof of jurisdiction shall result in personal and commercial liability under Common Law.

2. *Legal Maxim: "He who does not deny, admits." (Blackstone's Commentaries, Vol. IV, Ch. 22)*

• The Defendants have already defaulted, and any further actions shall constitute criminal trespass ab initio.

3. The Defendants have five (5) business days from receipt of this notice to:

• Cease all further proceedings against the Plaintiff.

• Provide verified proof of jurisdiction before this Court of Record.

• Correct all records and expunge any unlawful actions taken.

4. Under Blackstone's Common Law principles:

• *"A court of record is the highest tribunal known to law." (Blackstone's Commentaries, Vol. I, Ch. 7)*

• This Court of Record stands superior to statutory tribunals, and no statutory assumption of authority shall be recognized.

5. Failure to comply shall constitute:

• Willful trespass, fraud, obstruction of justice, and criminal coercion.

• All individuals involved shall be held personally liable in both their official and private capacities.

• Property liens and commercial remedies shall be pursued against any officer continuing unlawful action.

6. No statutory immunity applies when an officer knowingly acts beyond their jurisdiction.

• *"An act done outside lawful authority is void and carries no immunity." (Blackstone's Commentaries, Vol. IV, Ch. 29)*

• All judges, clerks, and prosecutors involved are hereby placed on notice of their personal liability.

## III. CONCLUSION

1. For the foregoing reasons, this Notice of Estoppel and Final Demand for Compliance stands as formal and lawful notice that no further actions may be taken by the Defendants absent verified proof of jurisdiction. Any continued proceedings shall constitute willful fraud, trespass, and obstruction of justice.

2. This Notice of Estoppel is now part of the Court Record, and all violations of its terms shall be considered a direct defiance of due process and fundamental Common Law principles.

3. All statutory actions taken against the Plaintiff in defiance of this Notice are legally null and void.

• *New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___, 142 S. Ct. 2111 (2022).*

• *"If a regulation lacks a historical analogue from 1791, it is presumptively unconstitutional."*

• *Legal Maxim: "That which was not established in law from the beginning cannot be introduced later." (Blackstone, Vol. I, Ch. 6)*

**FILING NOTICE**

This Affidavit of Truth & Statement of Facts is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

22.   Jurisdictional Authority of This Court of Record

• This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

• No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

23.   Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection

• The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

• Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

• *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

• Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.

24.   Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

- No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

- *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

- *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*

25.  Preemptive Rebuttal Against Procedural or Jurisdictional Objections

- This filing does not constitute submission to any statutory jurisdiction.

- The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

- Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

- *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*

26.  Finality & Estoppel Against Further Unlawful Actions

- Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

- *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

- *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

- Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and Common Law consequences.

## SIGNATURE & DECLARATION

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, declare under penalty of perjury that the foregoing statements are true, correct, and complete to the best of my knowledge and belief, and that all lawful demands herein must be honored without delay.

*Blackstone's Commentaries, Vol. I, Ch. 7:*

*"A court of record is the highest authority in the land, and its declarations stand as law."*

This filing is made without prejudice and with all rights reserved under the Common Law.

*Blackstone's Commentaries, Vol. III, Ch. 12:*

*"No man shall be deprived of his rights except by the law of the land."*

Respectfully submitted,

Executed this 24 day of MARCH, 2025.

Signed: My-NAME-IS-PRIVATE.

My-Name-Is-Private

Living Man, In This Court of Record

**IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED**

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]

Plaintiff,

v.

WAREHAM DISTRICT COURT,

Edward H. Sharkansky, in his official capacity as Judge of the Wareham District Court and his personal capacity,

Daryl G. Manchester, in his official capacity as Clerk of the Wareham District Court and his personal capacity,

Sabine M. Coyne, in her official capacity as Judge of the Wareham District Court and her personal capacity,

Kristine A. Stone, in her official capacity as Judge of the Wareham District Court and her personal capacity,

Defendants.

CASE NO.: _____

# AFFIDAVIT OF TRUTH & STATEMENT OF FACTS

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, competent to testify, declare the following as true, correct, and complete to the best of my knowledge and belief:

## I. DECLARATION OF SOVEREIGNTY & STATUS

1. I am one of the people, a living man, standing in my natural and sovereign capacity as recognized by the Declaration of Independence (1776) and the Constitution for the United States of America (1787).

2. I do not consent to be subject to statutory jurisdiction, administrative tribunals, or legal fictions. My authority arises solely from the Common Law, not statutory enactments.

3. Any attempts to mischaracterize me as a "defendant," "citizen," or any corporate fiction are hereby rebutted and rejected.

4. I have not, at any time, voluntarily entered into any binding contract with Wareham District Court or its agents granting them jurisdiction over me.

## II. FACTUAL BACKGROUND OF UNLAWFUL PROCEEDINGS

5. Wareham District Court initiated an action against an entity alleged to be me under an improper and incorrect name.

6.   No lawful grand jury indictment has been presented in accordance with Article III, Section 2 of the U.S. Constitution and Massachusetts Declaration of Rights, Article 12.

7.   The prosecution has failed to provide any verified charging instrument signed by an injured party, thereby lacking a necessary corpus delicti to justify proceedings.

8.   Jurisdiction was lawfully and formally challenged through multiple filings, including a Writ of Prohibition, which have been ignored.

9.   The presiding judge has proceeded ultra vires, refusing to provide proof of jurisdiction, in violation of *Pennoyer v. Neff, 95 U.S. 714 (1878), and Windsor v. McVeigh, 93 U.S. 274 (1876).*

10.   The prosecutor has admitted on record to receiving my filings, yet failed to provide a rebuttal or response, constituting tacit acquiescence and default.

11.   The court, without jurisdiction, unlawfully scheduled a trial for May 22, 2025, further compounding the fraud and due process violations.

## III. LEGAL BASIS FOR RELIEF

12.   A court must cease proceedings once jurisdiction is challenged and remains unproven. (Baldwin v. Hale, 68 U.S. 223 (1863)).

13.   A conviction or trial based on an invalid indictment is void. (Stirone v. United States, 361 U.S. 212 (1960)).

14. Government officials acting without jurisdiction lose all immunity. (Scheuer v. Rhodes, 416 U.S. 232 (1974)).

15. Mandatory registration schemes—such as sex offender registration, vehicle registration, gun licensing, or similar civil regulatory regimes—are unconstitutional if they are not grounded in a tradition of such regulation existing at or before the founding era. In *New York State Rifle & Pistol Association v. Bruen, 597 U.S. ___, 142 S. Ct. 2111 (2022)*, the Supreme Court held that any modern regulation which burdens a constitutionally protected right must be justified by a clear historical analogue rooted in 1791. The government bears the full burden to demonstrate such a tradition. If no such founding-era practice exists, the regulatory scheme is unconstitutional and void ab initio. No evidence has been presented by the Defendants that any form of sex offender registration existed in 1791, nor could any exist without violating the prohibition against bills of attainder and ex post facto laws.

16. In *District of Columbia v. Heller, 554 U.S. 570 (2008)*, the Supreme Court affirmed the individual's right to keep and bear arms as a pre-existing natural right, protected—not granted— by the Constitution. That right is not subject to arbitrary registration, licensing, or infringement. The Court stated: *"The very enumeration of the right takes out of the hands of government—even the Third Branch—the power to decide on a case-by-case basis whether the right is really worth insisting upon" (Id. at 634).* Though Heller addressed firearm licensing, the principle it establishes applies broadly: enumerated rights may not be conditioned on state registration.

17. In *McDonald v. City of Chicago, 561 U.S. 742 (2010)*, the Supreme Court incorporated the Second Amendment against the states through the Due Process Clause of the Fourteenth Amendment. This eliminated any claim that state governments may circumvent Heller. Taken together, Heller, McDonald, and Bruen establish that any registry, including sex offender registries, marriage licensing, firearm registration, or property recording requirements, must be justified by an unbroken historical tradition dating to 1791. As none has been shown for sex offender registries, the imposition of such a registry is a modern innovation repugnant to the law of the land.

18. *Fraud vitiates everything it touches. (Boyce's Executors v. Grundy, 28 U.S. 210 (1830)).*

## IV. RELIEF REQUESTED

**WHEREFORE**, I, My-Name-Is-Private, **DEMAND** the following:

17.  Immediate dismissal of all proceedings against me due to lack of jurisdiction, fraud, and constitutional violations.

18.  Immediate withdrawal of the unlawful trial date set for May 22, 2025.

19.  Formal acknowledgment of the Wareham District Court's lack of jurisdiction and all proceedings therein as null and void.

20.  Expungement of all records related to these unlawful actions.

21.  A full accounting of all financial transactions, bonds, and securities tied to this case.

## FILING NOTICE

This Affidavit of Truth & Statement of Facts is submitted as part of the full case record in this Court of Record, under the Supreme Authority of Common Law. It is directed to the Clerk of the United States District Court and the Presiding Judge, as part of the formal judicial submission.

22.  Jurisdictional Authority of This Court of Record

• This Court of Record holds original and exclusive jurisdiction over all matters presented herein.

• No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.

• *Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."*

• *Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."*

23.  Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection

• The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.

• Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.

• *Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)*

• Any failure to properly docket or process this filing shall constitute trespass upon rights and willful fraud.

24.  Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing

• The Presiding Judge of the United States District Court is strictly prohibited from exercising any discretionary review over this Court of Record.

• No statutory judge has the power to dismiss, modify, or challenge the jurisdiction of a Common Law Court of Record once properly invoked.

• *Ex parte Milligan, 71 U.S. 2, 118-121 (1866): "No inferior court may override the determinations of a common law court."*

• *Legal Maxim: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*

25.  Preemptive Rebuttal Against Procedural or Jurisdictional Objections

• This filing does not constitute submission to any statutory jurisdiction.

• The Clerk and the Presiding Judge are barred from imposing any statutory requirements beyond the ministerial duty of recording the case into the docket.

• Any attempt to introduce statutory interpretations, procedural dismissals, or jurisdictional challenges shall be void ab initio.

• *Legal Maxim: "An act done outside lawful authority is void and confers no jurisdiction." (Blackstone, Vol. IV, Ch. 22)*

26.  Finality & Estoppel Against Further Unlawful Actions

• Any refusal to process or recognize this filing constitutes obstruction of justice, fraud, and willful trespass against the people.

• *Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."*

• *Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)*

• Any judge, clerk, or officer refusing to recognize this Court of Record will be deemed acting outside of lawful jurisdiction, subjecting themselves to personal liability and Common Law consequences.

## SIGNATURE & DECLARATION

I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, declare under penalty of perjury that the foregoing statements are true, correct, and complete to the best of my knowledge and belief, and that all lawful demands herein must be honored without delay.

*Blackstone's Commentaries, Vol. I, Ch. 7:*

*"A court of record is the highest authority in the land, and its declarations stand as law."*

This filing is made without prejudice and with all rights reserved under the Common Law.

*Blackstone's Commentaries, Vol. III, Ch. 12:*

*"No man shall be deprived of his rights except by the law of the land."*

Respectfully submitted,

Executed this 2⁴ day of ᴍᴀʀᴄʜ, 2025.

Signed: ᴍʏ-ɴᴀᴍᴇ-ɪꜱ-ᴘʀɪᴠᴀᴛᴇ.

My-Name-Is-Private

Living Man, In This Court of Record

# IN THIS COURT OF RECORD, UNDER COMMON LAW, WITH ALL RIGHTS RESERVED

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street, Lakeville, MA 02347-2034

[No Email – Private Communication Only]

Plaintiff,

vs.

WAREHAM DISTRICT COURT,

Edward H. Sharkansky in their official capacity as Judge of the Wareham District Court and his personal capacity,

Daryl G. Manchester, in their official capacity as Clerk of the Wareham District Court and his personal capacity,

Sabine M. Coyne, in their official capacity as Judge of the Wareham District Court and her personal capacity,

Kristine A. Stone, in their official capacity as Judge of the Wareham District Court and her personal capacity,

Defendants.

CASE NO.: _____

## MEMORANDUM OF LAW

### INTRODUCTION

1. I, My-Name-Is-Private, one of the people, in this Court of Record, under the Supreme Authority of Common Law, duly established and invoked, issue this Memorandum of Law in support of the Complaint for Redress of Grievances and Writ of Injunction & Prohibition, asserting jurisdictional defects, due process violations, and constitutional breaches committed by the Defendants.

2. This Court of Record recognizes that all judicial power is vested under Common Law, and no statutory, administrative, or corporate jurisdiction has standing over the living man absent a voluntary contract or lawful indictment.

• *Blackstone's Commentaries, Vol. I, Ch. 2, Sec. 94: "The common law is superior to all acts of government, as it derives from immemorial custom and universal right."*

3. *The authority of this Court of Record is superior to all statutory courts, as affirmed by Blackstone's Commentaries on the Laws of England and the U.S. Supreme Court.*

• *Blackstone's Commentaries, Vol. I, Ch. 7, Sec. 378: "A court of record is the highest tribunal known to law, and its authority is absolute over matters in controversy."*

4. The Defendants are ministerial officers with no discretion to override the Supreme Law of the Land.

• *Blackstone's Commentaries, Vol. IV, Ch. 29, Sec. 1274: "A ministerial officer must act within the strict confines of law, and any deviation renders his actions void."*

## II. FUNDAMENTAL PRINCIPLES OF LAW

A. Courts of Record and Jurisdictional Authority

1. A court must establish jurisdiction before proceeding *(Pennoyer v. Neff, 95 U.S. 714 (1878))*.

• *Blackstone's Commentaries, Vol. I, Ch. 3, Sec. 105: "Jurisdiction is the first principle in all lawful authority; where it is absent, all acts that follow are void."*

• *Maxim of Law: "Where jurisdiction is challenged, it must be proven." (Blackstone, Vol. I, Ch. 3)*

2. A Court of Record is superior to statutory courts and must adjudicate matters solely under Common Law, free from statutory restrictions *(Ex parte Kearney, 55 U.S. 449 (1852)).*

• *Blackstone's Commentaries, Vol. I, Ch. 7, Sec. 378: "A court of record is the highest tribunal known to law, and its authority is absolute over matters in controversy."*

• *Maxim of Law: "A delegated authority cannot be greater than the source from which it derives." (Blackstone, Vol. I, Ch. 3)*

3. Jurisdiction must be proven, not assumed *(Hagans v. Lavine, 415 U.S. 528 (1974)).*

4. Jurisdiction cannot be waived or conferred by consent *(Mancusi v. Stubbs, 408 U.S. 204 (1972)).*

5. A statutory court does not have the power to override a properly invoked Court of Record *(Ex parte Kearney, 7 Wheat. 38 (1822)).*

6. *An act of fraud vitiates everything that follows from it (Blackstone's Commentaries, Vol. III, Ch. 10, Sec. 456).*

• *Maxim of Law: "That which is void from the beginning cannot be made valid by subsequent acts." (Blackstone, Vol. I, Ch. 6)*

## B. Fraud Vitiates All

7. Fraud destroys all agreements and voids all proceedings tainted by it *(Boyce's Executors v. Grundy, 28 U.S. 210 (1830)).*

• *Blackstone's Commentaries, Vol. III, Ch. 10, Sec. 459: "A fraudulent act is null and void from the beginning."*

• *Maxim of Law: "Fraud vitiates everything it touches." (Blackstone, Vol. III, Ch. 10)*

8. *Jurisdiction obtained through fraud is null and void (Windsor v. McVeigh, 93 U.S. 274 (1876)).*

9. *Government actors who engage in fraud lose all immunity (Scheuer v. Rhodes, 416 U.S. 232 (1974)).*

10. *Silence in the face of fraud constitutes acquiescence and admission (United States v. Tweel, 550 F.2d 297 (5th Cir. 1977)).*

## C. Constitutional Guarantees and Due Process Violations

11. The Fifth Amendment mandates that no person shall be held to answer for an infamous crime unless on a presentment or indictment of a Grand Jury. *(U.S. Constitution, Amendment V).*

12. A statutory judge acting outside the authority of a Court of Record loses all judicial immunity. *(Cooper v. Aaron, 358 U.S. 1 (1958)).*

• *Blackstone's Commentaries, Vol. IV, Ch. 29, Sec. 1274: "A ministerial officer must act within the strict confines of law, and any deviation renders his actions void."*

13. Government officials are bound by constitutional limitations and cannot override individual rights. *(Marbury v. Madison, 5 U.S. 137 (1803)).*

14. All rights secured under the Constitution must be upheld in the manner consistent with historical tradition and precedent. *(N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022)).*

• *Blackstone's Commentaries, Vol. I, Ch. 6, Sec. 204: "That which was not established in law from the beginning cannot be introduced later."*

15. The Bruen precedent mandates that all government actions must have direct historical support from 1791. If the government fails to provide such precedent, its actions are unconstitutional. *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387).*

• *Blackstone's Commentaries, Vol. I, Ch. 2, Sec. 94: "The common law is superior to all acts of government, as it derives from immemorial custom and universal right."*

## III. FEDERAL QUESTIONS PRESENTED

### A. Jurisdiction & Courts of Record

1. Does the Wareham District Court have lawful subject matter jurisdiction over one of the people absent a valid contract or voluntary consent? *(Hale v. Henkel, 201 U.S. 43 (1906))*

2. Can any court proceed with a case when jurisdiction has been properly challenged but not proven on the record? *(Hagans v. Lavine, 415 U.S. 528 (1974))*

3. Does a statutory tribunal have the authority to impose commercial statutes on a private man without explicit consent? *(Chisholm v. Georgia, 2 U.S. (2 Dall.) 419 (1793))*

4. Can a statutory judge override constitutional protections through procedural mechanisms? *(Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803))*

5. Does a statutory summons issued by mail constitute lawful service under due process requirements? *(Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950))*

6. Can a statutory judge declare jurisdiction over a private man without a valid constitutional delegation of authority? *(Cohens v. Virginia, 19 U.S. (6 Wheat.) 264 (1821))*

7. Can a statutory court impose obligations on one of the people without explicit constitutional authorization? *(Bond v. United States, 572 U.S. 844 (2014))*

8. Does a statutory judge acting beyond their lawful constitutional authority lose all immunity? *(Scheuer v. Rhodes, 416 U.S. 232 (1974))*

9. Does the state's failure to prove jurisdiction over one of the people render all orders null and void? *(Pennoyer v. Neff, 95 U.S. 714 (1878))*

10. Does the refusal of the Wareham District Court to recognize jurisdictional challenges constitute a denial of due process? *(Goldberg v. Kelly, 397 U.S. 254 (1970))*

### B. Grand Jury & Criminal Process Violations

11. Can a case proceed when no verified complaint has been entered by an injured party? *(Ashcroft v. Iqbal, 556 U.S. 662 (2009))*

12. Is the State of Massachusetts required to adhere to due process requirements in all criminal proceedings? *(Gideon v. Wainwright, 372 U.S. 335, 344 (1963))*

13. Does a statutory judge have the authority to declare a private man a "defendant" absent consent? *(Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 404 (1821))*

14. Does the government have to provide a true bill of indictment by a grand jury composed of one's peers? *(Hurtado v. California, 110 U.S. 516, 534-535 (1884))*

15. Does the lack of a true bill of indictment from a grand jury of peers invalidate any criminal proceeding? *(Russell v. United States, 369 U.S. 749, 770 (1962))*

16. Can a statutory tribunal impose criminal penalties absent a valid indictment from a grand jury of peers? *(Russell v. United States, 369 U.S. 749, 770 (1962))*

17. Does the requirement to register under statutory laws without consent constitute involuntary servitude? *(Bailey v. Alabama, 219 U.S. 219, 244-245 (1911))*

18. Can the government lawfully impose a criminal sentence or penalty without prior indictment by a grand jury? *(Stirone v. United States, 361 U.S. 212 (1960))*

19. Does a statutory judge's refusal to recognize a properly invoked Court of Record constitute judicial misconduct? *(Cooper v. Aaron, 358 U.S. 1, 17 (1958))*

20. Is a presentment from an administrative agency equivalent to a valid criminal complaint under due process? *(Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 87 (1982))*

## C. Judicial Accountability & Procedural Violations

21. Can a judge summarily deny properly filed court filings without written rebuttal? *(United States v. Lee, 106 U.S. 196, 220 (1882))*

22. Does a summons issued without judicial review constitute an unlawful order? *(Ex parte Milligan, 71 U.S. (4 Wall.) 2, 118-121 (1866))*

23. Can a statutory court proceed if there is no verified injured party? *(Spokeo, Inc. v. Robins, 578 U.S. 330, 342 (2016))*

24. Can a judge preside over a case if they have a vested interest in the outcome, violating the principles of judicial neutrality? *(Tumey v. Ohio, 273 U.S. 510 (1927))*

25. Does due process require an unbiased decision-maker, and is a judicial officer disqualified if they fail to act impartially? *(Goldberg v. Kelly, 397 U.S. 254 (1970))*

26. Can a statutory judge override constitutional rights through administrative policies? *(Cooper v. Aaron, 358 U.S. 1 (1958))*

27. Is a statutory judge immune from suit when acting outside their lawful authority? *(Scheuer v. Rhodes, 416 U.S. 232, 249 (1974))*

28. Can a statutory judge penalize a private individual for exercising constitutional rights? *(Sherbert v. Verner, 374 U.S. 398, 406 (1963))*

29. Can a statutory judge alter or override constitutional protections? *(Cooper v. Aaron, 358 U.S. 1, 18-19 (1958))*

30. Does a statutory judge's refusal to provide written rulings on jurisdictional objections violate fundamental due process rights? *(United States v. Lee, 106 U.S. 196 (1882))*

## D. Due Process Violations

31. Does the failure of the Wareham District Court to provide notice and an opportunity to rebut jurisdictional challenges constitute a violation of due process? *(Goldberg v. Kelly, 397 U.S. 254 (1970))*

32. Is a statutory court's refusal to acknowledge a properly filed jurisdictional challenge a denial of due process? *(Hagans v. Lavine, 415 U.S. 528 (1974))*

33. Can a statutory court proceed when jurisdictional challenges remain unresolved? *(Pennoyer v. Neff, 95 U.S. 714 (1878))*

34. Does a statutory judge's refusal to provide written rulings on jurisdictional objections violate fundamental due process rights? *(United States v. Lee, 106 U.S. 196 (1882))*

35. Is due process violated when a statutory court attempts to impose statutory mandates that were never personally agreed to by the accused? *(Faretta v. California, 422 U.S. 806 (1975))*

36. Can a statutory judge summarily refuse filings that challenge the legitimacy of the court's jurisdiction without proper adjudication? *(Ashcroft v. Iqbal, 556 U.S. 662 (2009))*

37. Does due process require full disclosure of the nature and cause of all proceedings? *(Faretta v. California, 422 U.S. 806, 819-821 (1975))*

38. Does the failure of a statutory judge to ensure compliance with due process render their rulings void? *(Marbury v. Madison, 5 U.S. (1 Cranch) 137, 180 (1803))*

39. Can a statutory judge lawfully impose restrictions on an individual without first proving lawful jurisdiction? *(Bond v. United States, 572 U.S. 844, 857 (2014))*

40. Does a statutory judge's attempt to enforce administrative codes upon one of the people, absent voluntary consent, violate due process? *(Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950))*

41. Can a statutory judge summarily refuse filings that challenge the legitimacy of the court's jurisdiction without proper adjudication? *(Ashcroft v. Iqbal, 556 U.S. 662 (2009))*

42. Does due process require full disclosure of the nature and cause of all proceedings? *(Faretta v. California, 422 U.S. 806, 819-821 (1975))*

43. Does the failure of a statutory judge to ensure compliance with due process render their rulings void? *(Marbury v. Madison, 5 U.S. (1 Cranch) 137, 180 (1803))*

## E. Separation of Powers & Constitutional Limits on Judicial Authority

44. Do statutory judges violate separation of powers when they assume administrative control over private individuals? *(Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982))*

45. Can a statutory judge override constitutional rights through administrative policies? *(Cooper v. Aaron, 358 U.S. 1 (1958))*

46. Can a statutory judge lawfully assume jurisdiction over a private man without a valid constitutional delegation of authority? *(Cohens v. Virginia, 19 U.S. (6 Wheat.) 264 (1821))*

47. Does a statutory court's attempt to regulate a natural person as a corporate entity constitute unlawful conversion? *(Yick Wo v. Hopkins, 118 U.S. 356, 370 (1886))*

48 Can a statutory tribunal impose obligations on one of the people without explicit constitutional authorization? *(Bond v. United States, 572 U.S. 844 (2014))*

49. Can a statutory judge unilaterally assume jurisdiction without proving it on the record? *(Hagans v. Lavine, 415 U.S. 528 (1974))*

50. Does the state have the burden of proving that statutory codes apply to an individual absent consent? *(Bond v. United States, 572 U.S. 844, 857 (2014))*

51. Can a statutory court force a living man into an adhesion contract under threat, duress, or coercion? *(Lynch v. Household Finance Corp., 405 U.S. 538, 552 (1972))*

52. Does a statutory judge lose all immunity when acting beyond their lawful constitutional authority? *(Scheuer v. Rhodes, 416 U.S. 232 (1974))*

53. Is a statutory judge acting ultra vires when assuming authority not explicitly granted by the Constitution? *(Marbury v. Madison, 5 U.S. (1 Cranch) 137, 180 (1803))*

54. Can a statutory judge lawfully impose restrictions on an individual without first proving lawful jurisdiction? *(Bond v. United States, 572 U.S. 844, 857 (2014))*

55. Does a statutory judge's attempt to enforce administrative codes upon one of the people, absent voluntary consent, violate due process? *(Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950))*

56. Does a statutory judge lose all immunity when acting beyond their lawful constitutional authority? *(Scheuer v. Rhodes, 416 U.S. 232 (1974))*

57. Does the state have the burden of proving that statutory codes apply to an individual absent consent? *(Bond v. United States, 572 U.S. 844, 857 (2014))*


**F. Bruen-Based Challenges to Modern Statutory Overreach**

58. Can the state enforce any statutory requirement, including registration laws, that lacks a direct historical precedent from 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.*


59. Does the government bear the burden of proving that any statutory restriction imposed on one of the people is grounded in historical legal tradition? (*New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

60. Does the Bruen decision prohibit courts from enforcing statutory mandates that were not legally recognized at the time of the Founding? (*New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

61. If no historical precedent exists for government-mandated registration of private individuals in 1791, does that render all modern registration laws unconstitutional? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

62. Does Bruen establish that statutory tribunals cannot impose obligations upon private individuals unless those obligations existed at the time of the Founding? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

63. Does the application of modern regulatory schemes that lack historical precedent violate the constitutional rights of the people? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

64. Can a statutory tribunal justify a modern punishment or penalty that was not recognized in 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

65. Does Bruen require courts to nullify statutory laws that have no foundation in historical legal tradition? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

66. If no historical precedent exists in 1791 for statutory court-imposed restrictions on private individuals, must those restrictions be deemed unconstitutional? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

67. Does Bruen reaffirm that constitutional rights cannot be subject to arbitrary statutory restrictions? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

68. Can a statutory court force a living man into an adhesion contract under threat, duress, or coercion? *(Lynch v. Household Finance Corp., 405 U.S. 538, 552 (1972))*

69. Is a statutory judge acting ultra vires when assuming authority not explicitly granted by the Constitution? *(Marbury v. Madison, 5 U.S. (1 Cranch) 137, 180 (1803))*

70. Does Bruen require courts to strike down all statutory restrictions that lack historical precedent from 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

71. If no historical precedent exists in 1791 for mandatory statutory registration schemes, does that render all modern registration laws unconstitutional? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

72. Does the Bruen standard prohibit statutory courts from enforcing penalties for non-compliance with laws that lack a direct historical counterpart? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

73. Does Bruen reaffirm that constitutional rights cannot be converted into state-controlled privileges through legislative enactments? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

74. Can any court impose statutory restrictions on one of the people without first proving that such restrictions existed under common law in 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

75. Does Bruen establish that statutory courts must apply only those judicial principles that align with the historical common law standard? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

76. Does Bruen establish that any law imposing criminal liability without direct historical precedent from 1791 is unconstitutional? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

77. Does Bruen confirm that statutory courts may not create or enforce criminal penalties that lack a historical foundation from the time of the Founding? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

78. Does Bruen prohibit statutory courts from penalizing individuals for non-compliance with modern registration requirements that did not exist in 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

79. Does Bruen require that courts strike down all statutory requirements that impose burdens on individuals where no equivalent existed in 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

80. If no historical precedent exists in 1791 for warrantless state-enforced compliance with statutory registration, does that render all modern registration laws unconstitutional? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

81. Does Bruen reaffirm that statutory courts cannot convert constitutional rights into privileges via statutory enactment? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

82. If a statutory court imposes penalties absent historical justification from 1791, does Bruen mandate that those penalties be declared unconstitutional? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

83. Does Bruen require that all penalties, punishments, or obligations imposed by statutory courts must align with legal traditions from 1791 to be valid? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

84. Does Bruen confirm that statutory courts may not enforce laws that criminalize behavior that was not criminal in 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

85. Does Bruen require that statutory courts justify the imposition of new legal obligations by demonstrating that similar obligations existed in 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

86. Does Bruen establish that the government cannot impose compliance requirements on individuals unless those requirements existed at the Founding? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

87. Does Bruen prohibit statutory courts from imposing registration or tracking requirements that have no equivalent in 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

88. If a law restricting fundamental rights did not exist in 1791, does Bruen mandate that it be deemed unconstitutional? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

89. Does Bruen confirm that statutory courts may not reinterpret constitutional protections through modern statutory frameworks? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

90. Does Bruen require that courts evaluate all statutory obligations against the historical legal standard of 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

91. If no historical legal precedent exists in 1791 for warrantless enforcement of statutory regulations, does that render all modern regulatory enforcement unconstitutional? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

92. Does Bruen prohibit the government from converting rights into privileges that require state approval or registration? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

93. Does Bruen require the invalidation of statutory court rulings that are based on laws lacking direct historical precedent from 1791? *(New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022), 142 S. Ct. 2111 (2022), 213 L. Ed. 2d 387.)*

## IV. LEGAL APPLICATION TO THIS CASE

The legal foundation for this case is rooted in the supremacy of common law courts over statutory courts, as established by Blackstone's Commentaries on the Laws of England and affirmed in numerous Supreme Court decisions.

### 1. Jurisdictional Challenge

• This Court of Record was properly convened and has superior jurisdiction over the matter.

• The Wareham District Court has failed to provide any evidence rebutting the challenge to its jurisdiction.

• *Case Law: Pennoyer v. Neff, 95 U.S. 714 (1878) – Jurisdiction is fundamental to the validity of any court order, and any judgment issued without jurisdiction is void ab initio.*

## 2. Invalid Indictment

• The state has failed to present a valid grand jury indictment with a true bill signed by 25 lawful peers.

• *Case Law: Russell v. United States, 369 U.S. 749 (1962) – Requires that a valid indictment be presented before prosecution.*

• *Case Law: Stirone v. United States, 361 U.S. 212 (1960) – Holds that an indictment cannot be assumed; it must be proven on the record.*

## 3. Denial of Due Process

• The judge has acted as an advocate rather than an impartial adjudicator, violating due process.

• *Case Law: Goldberg v. Kelly, 397 U.S. 254 (1970) – Due process requires an unbiased decision-maker.*

• *Case Law: Tumey v. Ohio, 273 U.S. 510 (1927) – Holds that a judge who has an interest in the outcome of a case is disqualified from presiding over it.*

## 4. Lack of Standing

• The state, acting as both the accuser and adjudicator, violates the doctrine of separation of powers.

• *Case Law: Spokeo, Inc. v. Robins, 578 U.S. 330 (2016) – Requires an actual injured party for standing.*

• *Legal Maxim: Actore non probante, reus absolvitur. (The burden of proof is on the accuser; if they do not prove their case, the accused is absolved.)*

*(Blackstone, Commentaries on the Laws of England, Vol. IV, Ch. 1; Vol. III, Ch 23; Coffin v. United States, 156 U.S. 432 (1895))*

## 5. Statutory Overreach and Violation of Common Law Rights

• The application of statutory mandates absent consent constitutes involuntary servitude.

• *Case Law: Bailey v. Alabama, 219 U.S. 219 (1911) – Prohibits involuntary servitude through statutory compulsion.*

• *Case Law: United States v. Throckmorton, 98 U.S. 61 (1878) – Establishes that fraud vitiates everything.*

## 6. Unlawful Court Process and Administrative Nature of Proceedings

• The Wareham District Court is a statutory tribunal lacking Article III judicial power.

• *Case Law: Ex parte Milligan, 71 U.S. 2 (1866) – Establishes that military and administrative tribunals cannot override common law courts.*

• *Case Law: Cohens v. Virginia, 19 U.S. 264 (1821) – Confirms that statutory tribunals do not have final judicial authority.*

## 7. Application of the Bruen Precedent to This Case

### A. Fifth Amendment Violation – Lack of Grand Jury Indictment

• Wareham District Court has proceeded against the living man without a lawful grand jury indictment, violating historical legal requirements.

• *Case Law: Hurtado v. California, 110 U.S. 516 (1884) – No trial can proceed without a grand jury indictment by peers.*

• Bruen Application: Since no such requirement existed in 1791, all proceedings must be enjoined as unconstitutional.

## B. Ex Post Facto Violation – Imposing Modern Statutory Restrictions

• Wareham District Court is attempting to impose registration requirements, probation, and other statutory conditions which did not exist in 1791.

• *Case Law: Calder v. Bull, 3 U.S. 386 (1798) – The government cannot impose retroactive legal obligations.*

• Bruen Application: No historical precedent exists for mandatory registration requirements, meaning they are unconstitutional.

## C. Seventh Amendment Violation – Denial of Trial by Jury in a Court of Record

• Wareham District Court is operating as an administrative tribunal, denying the living man his common law right to trial by jury.

• *Case Law: Ex parte Milligan, 71 U.S. 2 (1866) – No administrative tribunal may override a Court of Record.*

• Bruen Application: Since 1791 required jury trials in common law cases, the state's actions are unconstitutional.

## D. Violation of the Historical Standard for Criminal Penalties

• The Wareham District Court is attempting to impose statutory penalties that have no historical basis in 1791.

• *Case Law: New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. ___ (2022); 142 S. Ct. 2111 (2022) – All modern restrictions on fundamental rights must have historical precedent from 1791.*

• Bruen Application:

• No evidence exists from 1791 supporting government-mandated registration requirements for individuals after a criminal proceeding.

• All such mandates are presumptively unconstitutional.

• Wareham District Court has no lawful basis to impose any statutory penalties on a living man.


**8. Failure to Address Previous Filings and Judicial Default**


• The failure of the prosecution and the judge to rebut the filings constitutes default.

• *Case Law: Hagans v. Lavine, 415 U.S. 528 (1974) – Holds that unrebutted challenges stand as truth.*

• *Legal Maxim: Qui non negat, fatetur. (He who does not deny, admits.)*

*(Blackstone's Commentaries on the Laws of England, Volume IV, Chapter 29)*


**V. CONCLUSION**


The legal precedents and constitutional principles set forth in this Memorandum of Law establish beyond dispute that the Wareham District Court lacks jurisdiction, and its continued proceedings constitute a trespass upon rights, a violation of due process, and an overreach of statutory authority.


A court that lacks jurisdiction is no court at all, and its actions are void ab initio. As demonstrated in *Pennoyer v. Neff, 95 U.S. 714 (1878),* jurisdiction is the foundational

requirement for any lawful court action. Failure to establish jurisdiction renders all orders, judgments, and proceedings null and void.

Furthermore, *Hale v. Henkel, 201 U.S. 43 (1906),* affirms that a living man is not bound to answer to statutory constructs absent contractual agreement or clear proof of jurisdiction. The lack of a valid grand jury indictment, absence of a bona fide injured party, and violations of constitutional protections invalidate all claims against the Plaintiff.

The only lawful remedy is:

1. Immediate dismissal of all charges and proceedings due to lack of jurisdiction.

2. Cease and desist all further attempts to assert statutory control over one of the people.

3. Full restoration of rights, records, and status, recognizing the Plaintiff's standing under common law.

Failure to comply with this demand constitutes willful trespass, fraud, and obstruction of justice, for which all involved parties shall be held personally and commercially liable. The court has been notified and is under judicial estoppel to proceed further.

Respectfully submitted,

*My-Name-Is-Private.*
My-Name-Is-Private

Living Man, In This Court of Record