# IN THIS COURT OF RECORD

## UNDER THE SUPREME AUTHORITY OF COMMON LAW

### ALL RIGHTS RESERVED

FILED
IN CLERK'S OFFICE
2025 MAY 12  PM 2:00
U.S.
DISTRICT OF MASS.

My-Name-Is-Private, one of the people, the living man

c/o 3 Helen Street

Lakeville, Massachusetts [02347]

[No Email – Private Communication Only]


Plaintiff,

v.

United States District Court – District of Massachusetts (Boston Division)

Richard G. Stearns, acting without lawful authority

## MANDATE FOR JUDICIAL REMOVAL AND DISQUALIFICATION

Filed: May 7th, 2025


I, My-Name-Is-Private, one of the people and the living man, in this court of record, do hereby issue this MANDATE FOR REMOVAL AND DISQUALIFICATION of Richard G. Stearns, who has demonstrated open contempt toward a duly convened Court of Record under the Supreme Authority of Common Law and the Constitution.

## I. STATEMENT OF LAWFUL CAUSE

1.  The record shows that lawful jurisdiction was perfected under Common Law and filed
    into the venue of the United States District Court for the District of Massachusetts.
2.  Jurisdiction closed upon unrebutted notice and perfected default. Judge Richard G.
    Stearns proceeded beyond that point with unlawful extensions, compelled name
    alterations, and interference with filings—all acts without lawful jurisdiction.
3.  The judge refused to recognize the Court of Record's perfected judicial instruments,
    mischaracterized filings, and obstructed the record by directing the Clerk to return filings
    unopened—an act void of lawful authority.

## II. LEGAL AND CONSTITUTIONAL AUTHORITY

- Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all inferior courts;
  it is the highest authority known to law."
- Blackstone's Commentaries, Vol. III, Ch. 5: "Ministerial officers must perform their duty
  without discretion."
- Ex parte Milligan, 71 U.S. 2 (1866): "No inferior court may override the determinations
  of a common law court."
- Marbury v. Madison, 5 U.S. 137 (1803): "It is emphatically the province and duty of the
  judicial department to say what the law is."
- Ex parte Hull, 312 U.S. 546 (1941): "The state and its officers may not condition access
  to the courts upon the prior approval of a judge or administrative officer."
- Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge
  stands as truth in law."

## III. DEMAND FOR REMOVAL

**LET IT BE MANDATED** that:

1.  Richard G. Stearns is hereby **DISQUALIFIED** from further contact with this case,
    having committed acts of judicial trespass, procedural fraud, and ministerial breach.
2.  The Clerk of the United States District Court is **COMMANDED** to cease enforcement or
    recognition of any orders issued by Richard G. Stearns in this matter.
3.  This Mandate shall be entered into the public record and remains binding unless lawfully
    rebutted by sworn affidavit under full liability and penalty of perjury within three (3)
    days of service.

# IV. NOTICE OF FILING

This Mandate is entered as part of the lawful record in this Court of Record. It shall be filed with the Clerk of the United States District Court and acknowledged without discretion, delay, or alteration.

1. Jurisdictional Authority of This Court of Record
   o This Court of Record holds original and exclusive jurisdiction over all matters presented herein.
   o No inferior statutory tribunal, including any federal district court, may override, alter, or dismiss its determinations.
   o Blackstone's Commentaries, Vol. IV, Ch. 20: "A court of record binds all other inferior courts."
   o Ex parte Kearney, 55 U.S. 449 (1852): "A statutory court has no power to override a properly convened Court of Record."
2. Ministerial Duty of the Clerk & Prohibition Against Discretionary Rejection
   o The Clerk of Court is a ministerial officer, bound by duty, with no discretion to reject a properly filed case.
   o Any attempt to obstruct, modify, or refuse this filing constitutes ministerial misconduct and unlawful interference with the right to petition for redress of grievances.
   o Legal Maxim: "Ministerial officers must perform their duty without discretion." (Blackstone, Vol. III, Ch. 5)
3. Limits on the Presiding Judge – No Authority to Dismiss, Modify, or Reinterpret This Filing
   o The Presiding Judge is prohibited from exercising any discretionary review over this Court of Record.
   o Ex parte Milligan, 71 U.S. 2 (1866): "No inferior court may override the determinations of a common law court."
4. Finality & Estoppel Against Further Unlawful Actions
   o Any refusal to recognize this Bond or filing constitutes obstruction of justice, fraud, and willful trespass upon rights.
   o Hagans v. Lavine, 415 U.S. 528, 533 (1974): "An unrebutted jurisdictional challenge stands as truth in law."
   o Legal Maxim: "Silence gives consent." (Blackstone, Vol. IV, Ch. 29)

A corresponding Writ of Mandamus, enforcing this Court of Record's authority, has been tendered to the United States Court of Appeals for the First Circuit under Docket No. 25-1422.

## V. VERIFICATION / CERTIFICATION / VALIDATION

I, My-Name-Is-Private, one of the people, the living man, in this Court of Record under the Supreme Authority of Common Law, do affirm that the foregoing is true, correct, and complete to the best of My firsthand knowledge and belief. This mandate is now entered into law of the case and binds all inferior officers and courts.

So help me God on this day May7th, 2025 as is hereby so attested.

Signed: *My-WAME-IS- PRIVATE.*

My-Name-Is-Private

Living Man, In This Court of Record

c/o 3 Helen Street

Lakeville, Massachusetts [02347]

All Rights Reserved